## McCARTHY v. AMERICAN EASTERN CORPORATION.

### No. 9767.

United States Court of Appeals Third Circuit.

Argued May 5, 1949.

Decided June 14, 1949.

See also, 175 F.2d 727.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Timothy J. Mahoney, Jr., Mark Dalspach and Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellant.

Charles Lakatos, Philadelphia, Pa. (Abraham E. Freedman, Wilfred R. Lorry, William M. Alper, and Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, a seaman who had been injured in the service of the M. V. Gadsden operated by the defendant, brought a civil action in the district court for the recovery of damages to compensate him for his injuries. The complaint asserted as its basis both the unseaworthiness of the vessel and the negligence of members of the crew. It thus appears that the claim derived both from the admiralty law of unseaworthiness and the Jones Act, 46 U.S.C.A. § 688. The jury returned a verdict in favor of the plaintiff for $22,500. A new trial was refused by the district court and the present appeal followed.

On this appeal the principal contention of the defendant is that the trial judge erred in submitting to the jury the issues both of unseaworthiness under the old maritime law and negligence under the Jones Act and in permitting the jury to base its verdict upon both grounds. The contention is that under the Jones Act the plaintiff was required to elect between these two bases for recovery and, therefore, could not rely upon both of them at the same time. In German v. Carnegie Illinois Steel Corp., 3 Cir., 1946, 156 F.2d 977, this court expressly rejected this contention, holding that it was error for the district court to require a seaman to make such an election. We adhere to that decision but in view of the insistent argument by the defendant that it runs counter to controlling decisions of the Supreme Court we think it appropriate to amplify somewhat our discussion of the reasons which led to our conclusion.

The pertinent provisions of the Jones Act are as follows:[1]

"Any seaman who shall suffer personal injury in the course of his employment may, *at his election,* maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *." (Italics supplied.)

Stated somewhat more fully, the contention is that an injured seaman must elect whether to base his action for indemnity upon the old rules of the maritime law, e. g., the failure of the owner to fulfill his duty to provide a seaworthy vessel or to provide and keep in order suitable appliances,[2] on the one hand, or to base it upon the new rule of the Jones Act, to wit, the negligence of the master or members of the crew, on the other hand.

It is true that in some opinions of the Supreme Court[3] there are statements with respect to the meaning of the phrase "at his election" in the Jones Act which support this contention and that the Court of Appeals for the Second Circuit in reliance upon these decisions has adopted that view.[4] But these expressions were all by way of obiter dictum, the precise question not having been before the Supreme Court in those cases, and we think that they cannot be regarded as authoritative in view of the decision of that court in Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

In Baltimore S. S. Co. v. Phillips the Supreme Court held that a seaman injured in the service of his ship has suffered but one actionable wrong and is entitled to but one recovery whether his injury was due to the unseaworthiness of the vessel or the negligence of the owner as defined by the old rules of the maritime law or to the negligence of the officers and crew as defined by the Jones Act or to a combination of some or all of them. "In either view," said the Supreme Court, 274 U.S. at page 321, 47 S.Ct. at page 602, "there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex." In that case Phillips

[1] 46 U.S.C.A. § 688.
[2] The Osceola, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760. While many of the older cases refer to the duty of the owner to use due diligence in providing a seaworthy vessel and appliances and to his negligence in failing to do so, see, for example, Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, at pages 318 and 321, 47 S.Ct. 600, 71 L.Ed. 1069, the liability of the owner in this regard has recently been held to be in reality a species of liability without fault. Mahnich v. Southern S. S. Co., 1944, 321 U.S. 96, 100, 64 S.Ct. 455, 87 L.Ed. 561; Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 94, 66 S.Ct. 872, 90 L.Ed. 1099. His duty to provide proper treatment for an injured seaman, North Alaska Salmon Co. v. Larsen, 9 Cir., 1915, 220 F. 93, and to instruct and warn an inexperienced seaman with respect to dangerous appliances; The State of Maryland, 4 Cir. 1936, 85 F.2d 944 is, however, only to use due diligence in those regards.

[3] Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 388, 44 S.Ct. 391, 68 L.Ed. 748; Engel v. Davenport, 1926, 271 U.S. 33, 36, 46 S.Ct. 410, 70 L.Ed. 813; Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 139, 49 S.Ct. 75, 73 L.Ed. 220.

[4] Skolar v. Lehigh Valley R. Co., 2 Cir., 1932, 60 F.2d 893, 894.

had first brought a suit in admiralty based upon the unseaworthiness of the vessel and its gear and the negligence [5] of the owner in failing to provide proper gear and a safe place to work. Judgment was entered against Phillips upon the ground that the accident was not due to the causes alleged in the libel but rather to the negligent way in which the vessel's gear was handled by the officers and crew.

Phillips thereupon brought a civil action under the Jones Act based upon the negligence of the officers and crew. In that action he recovered a verdict and judgment. This judgment was reversed by the Supreme Court upon the ground that the civil action in which it was rendered was based upon the same cause of action as was involved in the prior admiralty suit and that the judgment for the defendant in the admiralty suit accordingly, under the doctrine of res judicata, barred recovery by the plaintiff in his later civil action under the Jones Act. In the course of the opinion Justice Sutherland pointed out that the Jones Act had incorporated into the maritime law the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to the extent that suit thereunder could be brought by a seaman either in admiralty or at law and stated, 274 U.S. at page 324, 47 S.Ct. at page 603: "It follows that here both the libel and the subsequent action were prosecuted under the maritime law, and every ground of recovery, open to respondent in the second case, was equally open to him in the first." This is a ruling by the Supreme Court that the ground of negligence of the crew under the Jones Act could have been asserted in the prior suit along with the grounds of unseaworthiness and negligence of the owner which had been asserted in that suit. The case is thus direct authority for the action here taken by the district court.

Moreover, it seems clear to us that the rationale of the decision in Baltimore S. S. Co. v. Phillips necessarily excludes the interpretation of the phrase "at his election" for which the defendant contends. For the doctrine of res judicata, which the court applied in that case, is bottomed upon the proposition that a party should not be afforded a second chance to litigate a question as to which he has already had the opportunity of a day in court. If a seaman in asserting a cause of action derived both from the old rules of the maritime law and the new rules of the Jones Act must confine himself to only one of these grounds for recovery and forever lose the benefit of the other by the application of the doctrine of res judicata that doctrine applies in a very much harsher form to those who have always been regarded as wards of the admiralty in special need of protection than it does to all other litigants. For not only would an injured seaman have to decide at his peril, and in advance of judicial determination, which of two possible bases of his case was better grounded in law and fact, but he would also have to stake his whole possibility of recovery upon that choice, being barred from ever at any time asserting the other ground. He would thus be denied the right to any day in court upon what may turn out to have been his only valid ground for relief. And in some cases the choice might well be the nice one, often baffling to the most experienced lawyer, as to whether the injury was due to the failure of the owner to furnish suitable appliances or to the negligence of the crew in their use. We cannot believe that Congress when it passed the Jones Act as a measure for the relief of injured seamen intended that it should put them at their peril to any such choice as this.

In our view the election to which the Jones Act refers is an election of remedies as between a suit in admiralty and a civil action. Prior to the passage of the Jones Act, unless there was diversity of citizenship,[6] a seaman was compelled in the federal court to assert his cause of action for injuries in a suit in admiralty in which there was no jury trial. It was the purpose of the "election" clause of the Jones Act, we think, to make certain that an injured seaman, instead of suing in admiralty, could at his option assert his cause of action for personal injuries in the federal court in an action at law regardless of diversity of citizenship, thereby obtaining

[5] See Footnote 2.

[6] Philadelphia & R. R. Co. v. Berg, 3 Cir., 1921, 274 F. 534, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410.

the right to a jury trial in every case in which the injuries were serious enough to bring the claim within the jurisdictional amount of $3,000. For since an act of Congress, the Jones Act, gives the right the federal courts have jurisdiction of suits to enforce it under section 1331 of Title 28 U.S.C.A., section 24(1) of Judicial Code of 1911,[7] regardless of the citizenship of the parties.

We conclude, in accord with our decision in the German case, that the trial judge rightly permitted the jury to base its verdict for the single recovery to which under the law the plaintiff was entitled on both the unseaworthiness of the vessel and the negligence of the members of the crew. We have considered the remaining contentions of the defendant but find them so wholly lacking in merit as to require no discussion here.

The judgment of the district court will be affirmed.

---

[7] Branic v. Wheeling Steel Corporation, 3 Cir., 1945, 152 F.2d 887, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026.