TEXAS MENHADEN COMPANY,
Appellant,

v.

Philip PALERMO, Appellee.

No. 20562.

United States Court of Appeals
Fifth Circuit.

March 19, 1964.

Jep S. Fuller, Fuller & Fuller, Port Arthur, Tex., James S. Fuller, Port Arthur, Tex., of counsel, for appellant.

Woodson E. Dryden, Beaumont, Tex., for appellee.

Before HUTCHESON, BREITEN-STEIN,* and BELL, Circuit Judges.

PER CURIAM.

This is an appeal from a decree in admiralty. The district judge found that plaintiff-appellee was injured as the result of defendant-appellant's negligence and failure to furnish a seaworthy vessel. Appellee, a Menhaden fisherman, was injured when he slipped and fell against a cleat in a small fishing boat, sustaining injuries in the region of the coccyx. Among others, there were contentions by

* Of the Tenth Circuit, sitting by designation.

the appellee that it was negligence to fail to clean the fish slime from the fishing boats prior to each day's operation, and that boats in a slimy condition were unseaworthy.

■ Appellant asserts three specifications of error. There is no merit in them. He argues that there was not "sufficient evidence in the record to sustain the finding of the Trial Court * * 'that said purse boat was unseaworthy, due to the slimy condition thereof, and that said unseaworthiness was a proximate cause of libellant's injuries'." After a careful study of the record we cannot say that the trial judge's findings leading to determinations of unseaworthiness and proximate cause were clearly erroneous. Fed.R.Civ.P. 52(a).

Hoping that we would agree with his unseaworthiness issue appellant further argues that testimony concerning the negligence of fellow members of the crew was improperly admitted and that that part of the judgment based on such negligence cannot stand since appellee sued under the general admiralty law rather than the Jones Act, 46 U.S.C.A. § 688. By the general admiralty law appellant means the law of admiralty as it existed before the Jones Act.[1] Under this law negligence of a fellow member of the crew could not be grounds for recovery for compensatory damages. Appellant relies on appellee's failure to specifically plead the Jones Act, various references in his petition to a general admiralty jurisdiction, and the recitation in a pretrial order agreed to by both of the parties that appellee's cause of action was based on the "general Admiralty and Maritime Law" for support for the proposition that appellee is suing under the Pre-Jones Act general admiralty law.

■ "The Jones Act, although not mentioned by name in the libel, was pleaded, since recovery in admiralty was sought for the negligence of crew members and such recovery would have been impossible without the statute." McAfoos v. Canadian Pacific Steamships, Ltd., 243 F.2d 270, 271 (2nd Cir. 1957). Considering appellee's pleadings as if they had specifically pleaded the Jones Act, the references to the general admiralty and maritime law can only be taken to include the Jones Act, which, of course, allows actions based on the negligence of a fellow servant.

■ Finally, appellant asserts that the trial judge erred in refusing appellant's motion for jury trial if in fact the question of negligence of appellee's fellow servants was properly before the court. In support of this appellant asserts that in a negligence action under the Jones Act the defendant employer has a right to trial by jury. The appellant is in error. The Jones Act merely affords the *injured seaman* the choice between a suit in admiralty without a jury and a suit on the civil side of the docket with a jury. McCarthy v. American Eastern Corp., 175 F.2d 724 (3rd Cir. 1949); Gilmore & Black, Law of Admiralty, Secs. 6–23, p. 289 (1957). He may seek his Jones Act remedy and his remedy for unseaworthiness in admiralty or in a civil action. Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); 2 Norris, Law of Seamen, Sec. 674, p. 826 (1962); cf., Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). Appellee here sought recovery in admiralty. There is no jury trial in admiralty with the exception of matters covered by 28 U.S.C.A. § 1873,[2] and there is no error in denying appellant's motion for jury trial.

The decree of the district court is correct. It is affirmed.

1. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903).

2. "In any case of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of twenty tons or upward, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes, the trial of all issues of fact shall be by jury if either party demands it. June 25, 1948, c. 646, 62 Stat. 953."