Benedicto R. **FERNANDES**

v.

**UNITED FRUIT COMPANY**, a body corporate,

and

**SS ULUA.**

Civ. No. 20964.

United States District Court
D. Maryland.

Sept. 9, 1969.

---

Stanley Silverman and Silverman & Silverman, Baltimore, Md., for plaintiff.

Randall C. Coleman, John T. Ward and Ober, Grimes & Shriver, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

United Fruit Company, claimant, owner of the SS Ulua, has moved the Court to quash the warrant of arrest and to dismiss the *in rem* proceeding brought against the vessel.

The complaint, filed by plaintiff against United Fruit (his employer) and the SS Ulua, contains five counts. The first four allege claims against United Fruit under the Jones Act for negligence and for cure, maintenance and unseaworthiness, and conclude with a single demand for $200,000. The fifth count "for a fifth, separate and distinct cause of action" repeats the allegations in the first four counts, and alleges that "the Plaintiff is entitled to a Maritime lien against the S. S. ULUA for the sums claimed as aforesaid in accordance with Rule 9H and the Federal Supplemental Rules of Civil Procedure".

Accompanying the complaint and referred to in the heading thereof, is an election and prayer for a jury trial against United Fruit only.

On the same day the complaint was filed the attorneys for plaintiff instructed the Clerk, in writing: "Please do not issue service of process against the Defendant, S. S. Ulua at this time or until so notified by us".

A summons was issued and served on a representative of United Fruit in Baltimore. That Company filed a timely answer, in which it took the position that "the plaintiff is not entitled to a maritime lien against the SS ULUA as he has elected to file suit under the Jones Act claiming a jury trial; if the plaintiff wishes to abandon his jury trial and file suit under Rule 9(h) of the Federal Rules of Civil Procedure he is required to amend and proceed accordingly".

More than two weeks after the answer was filed, plaintiff directed the Clerk of this Court to "issue service of process against the Defendant, S. S. Ulua". After the vessel was arrested by the Marshal, United Fruit, as owner and claimant, promptly filed a motion to quash the arrest of the vessel and to dismiss the *in rem* proceeding.

In Plamals v. S. S. Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827 (1928), the Court held that seamen may invoke, at their election, (a) the relief accorded by the traditional admiralty rules *in rem* against the ship, or (b) that provided by the Jones Act with the right of jury trial against the employer, but not both.

In Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the Court held that when a seaman joins a maintenance and cure claim with a Jones Act claim, the maintenance and cure claim must be submitted to the jury when both arise out

of one set of facts. It follows that the election called for by Plamals v. S. S. Pinar Del Rio must be made with respect to all claims so joined.

Plaintiff seeks to avoid this result by arguing that he did not intend to assert an action *in rem* against the ship, but that he intended an action *in personam* with a clause of foreign attachment in order to obtain security for any judgment he may recover.

There are two answers to this argument. First, it is contrary to the allegations of his complaint and to the instructions he gave the Marshal. Second, as is well stated in 2 Benedict On Admiralty, 6th ed., by A. W. Knauth, p. 346: "The purpose of an admiralty attachment is two-fold: to obtain jurisdiction of the respondent *in personam* through his property and to the extent of his property; and to obtain security. These two purposes cannot be separated. An attachment for jurisdictional purposes also results in the obtaining of security, and security cannot be obtained except as an adjunct to obtaining jurisdiction". Again: "If the respondent is personally served, the marshal thereafter cannot also attach his goods" and "nothing will defeat an attachment except (1) an actual appearance by the respondent before the marshal levies on the property or (2) actual service of the respondent". Ibid., p. 351. In the instant case United Fruit had been served and had filed its answer before plaintiff instructed the Clerk to issue service of process "against the Defendant, S. S. Ulua" or instructed the Marshal to seize the vessel. United Fruit has not raised any question of venue, and its counsel have stated that it will not do so.*

At the hearing on the motion this Court stated that it would grant the motion unless plaintiff elected to proceed under Rule 9h rather than to adhere to his demand for a jury trial. After a

consultation between counsel and client plaintiff elected to adhere to his demand for a jury trial.

The Court, therefore, will grant the pending motion. Defendants' counsel should prepare an appropriate order.

---

* The cases cited by plaintiff's counsel are not in point. Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); Brown v. C. D. Mallory & Co., 122 F.2d 98 (3 Cir. 1941); Jackson v. Inland Oil & Transport Co., 318 F.2d 802 (5 Cir. 1963).