Mrs. Shirley Patrick JOHNSON, Widow of Lawrence A. Johnson, Sr., Individually and as Natural Tutrix of Her Minor Children, Lawrence A. Johnson, Jr., David P. Johnson, Shirley T. Johnson, Florence A. Johnson and Kevin J. Johnson, Plaintiff,

v.

VENEZUELAN LINE STEAMSHIP COMPANY (C.P.A. Venezolana de Navegacion), Defendant.

Mrs. Shirley Patrick JOHNSON, Widow of Lawrence A. Johnson, Sr., Individually and as Natural Tutrix of Her Minor Children, Lawrence A. Johnson, Jr., David P. Johnson, Shirley T. Johnson, Florence A. Johnson and Kevin J. Johnson, Plaintiff,

v.

M/V CIUDAD DE MARACAIBO, her engines, boilers, furniture, gear, tackle and apparel, Defendant.

Frank E. WENTE, Plaintiff,

v.

D'AMICO SOCIETY DE NAVIGAZIONE, Defendant.

Civ. A. Nos. 69–1083, 69–2952, 69–1102.

United States District Court,
E. D. Louisiana,
New Orleans Division.

May 6, 1970.

Salvador E. Gutierrez, Jr., New Orleans, La., for plaintiff Frank E. Wente.

J. Dwight LeBlanc, Jr., Thomas W. Thorne, Jr., Charles Kohlmeyer, Jr., James G. Burke, Jr., New Orleans, La., for defendants.

RUBIN, District Judge:

A longshoreman was working on a wharf, placing rolls of paper in a cargo sling to be loaded on a vessel. He was killed when he was struck by the loaded cargo sling when it swung shoreward. On her own behalf and as natural tutrix of her five minor children, the longshoreman's widow sued the owners of the vessel in personam for his death, alleged diversity of citizenship, and prayed for a jury trial. The widow also filed a libel in rem against the vessel alleging unseaworthiness. The vessel was never seized but the owners accepted service of process in lieu of seizure.

The vessel owners moved to consolidate the cases and to strike the demand for a jury trial. The plaintiffs do not oppose consolidation nor do they seek a jury trial of the issues raised by the in rem proceeding. They urge that they are entitled to a jury trial of the issues raised in the in personam proceeding. The defendants contend that the plaintiffs have no right to a jury trial, but, if they do, they have waived it by filing an in rem proceeding.[1]

## I. RIGHT TO JURY TRIAL BY SIERACKI SEAMEN

There can be no doubt that the longshoreman was entitled to the warranty of seaworthiness, Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, or "that the duty to provide a seaworthy ship and gear * * * applies to longshoremen [loading or] unloading the ship whether they are standing aboard ship or on the pier."

Chester Francipane, Metairie, La., for plaintiff Mrs. Shirley Patrick Johnson.

1. The facts are different in Wente, but the legal issues are the same. Therefore these reasons are filed in that suit as well.

Gutierrez v. Waterman Steamship Corp., 1963, 373 U.S. 206, 215, 83 S.Ct. 1185, 1191, 10 L.Ed.2d 297. *See also,* Pope & Talbot, Inc. v. Cordray, 9 Cir. 1958, 258 F.2d 214; Strika v. Netherlands Ministry of Traffic, 2 Cir. 1950, 185 F.2d 555; Robillard v. A. L. Burbank & Co., Ltd., S.D.N.Y.1960, 186 F.Supp. 193, all cited by the Supreme Court with approval in *Gutierrez.*

■ Nor is there any question that diversity of citizenship and jurisdictional amount are present. 28 U.S.C. § 1332. But, the defendants say, quite correctly, only federal jurisdiction is determined by diversity; the right to a jury trial pursuant to the Seventh Amendment and Rule 38 of the Federal Rules of Civil Procedure depends on the nature of the cause of action. So we look to the nature of the plaintiff's suit to determine whether she is entitled to a jury trial.

■■ The widow's claim is for damages for wrongful death caused by the ship's unseaworthiness and by the negligence of its owners or members of the vessel's crew. The vessel and her owners owe seamen the duty of furnishing a seaworthy vessel and safe and proper appliances. The Osceola, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760. This is a species of liability without fault, not limited by concepts of negligence. *Sieracki, supra. See also,* 2 Norris, The Law of Seamen, § 612. This liability, like the claim of negligence, "sounds in tort." *Sieracki, supra,* 328 U.S. at 89, 66 S.Ct. at 875. It "may be enforced either by a suit in admiralty or by one on the law side of the court." *Id.*

## II. THE SAVING TO SUITORS CLAUSE

■ The doctrine that a claim in personam arising from the business of the sea does not lie exclusively in the admiralty jurisdiction is not new wine in post-*Sieracki* bottles; its vintage is respectable. Thus, one hundred years ago, in Leon v. Galceran, 1870, 78 U.S. (11 Wall.) 185, 20 L.Ed. 74, a case that arose in Louisiana, it was contended that

an in personam action for mariner's wages was exclusively an admiralty matter. Galceran, a sailor, presented his view to the contrary by brief in proper person. Justice Clifford upheld Galceran's position:

"Where the suit is *in rem* against the ship or ship and freight, the original jurisdiction of the controversy is exclusive in the District Courts, as provided by the ninth section of the Judiciary Act, but when the suit is *in personam* against the owner or master of the vessel, the mariner may proceed by libel in the District Court, or he may, at his election, proceed in an action at law either in the Circuit Court, if he and his debtor are citizens of different States, or in a State court as in other causes of action cognizable in the State and Federal courts exercising jurisdiction in common law cases, as provided in the eleventh section of the Judiciary Act.

*"He may have an action at law in the case supposed either in the Circuit Court or in a State court, because the common law, in such a case, is competent to give him a remedy, and wherever the common law is competent to give a party a remedy in such a case, the right to such a remedy is reserved and secured to suitors by the saving clause contained in the ninth section of the Judiciary Act."* (Emphasis supplied.) 78 U.S. (11 Wall.) at 188. See also the cases cited in footnote 17 of Judge Masterson's opinion in Close v. Calmar S. S. Corp., E.D.Pa.1968, 44 F.R.D. 398, 404.

That such a suit might be brought at law and tried to a jury does not seem to have been doubted. In at least two of the cases referred to by the Supreme Court in *Gutierrez* with approval, this was done. See *Pope & Talbot, Inc., supra,* and *Strika, supra.*

This result stems from application of the Saving to Suitors Clause, Act of September 24, 1789, 1 Stat. 76–77, Chapter 20, § 9, the descendent of which is now

included in 28 U.S.C. § 1333. "The assumption that state common law jurisdiction, as well as federal jurisdiction at law, was preserved by the saving clause was an easy and obvious one," says Professor David W. Robertson, in his recently published text, Admiralty and Federalism, 125 (1970). He concludes, "[A]ctions in personam arising out of maritime contracts or torts may be brought in admiralty, or in state courts, or in federal district courts, other jurisdictional grounds being present." *Id.* at 135. Even if this case be controlled by the Extension of Admiralty Act the same result is reached for, "In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water * * *." 46 U.S.C. § 740.

■ "The federal admiralty jurisdiction [in a seaman's action for personal injuries] is not exclusive; the 'saving-to suitors' clause of the original Judiciary Act permits a maritime claimant to pursue a common-law remedy in any court otherwise competent. If diversity of citizenship and the requisite jurisdictional amount are present, the seaman may sue under section 1332, and his right to a jury determination on all counts is not doubted." Hart, The Supreme Court 1958 Term, 73 Harv.L.Rev. 84, 139 (1959). *See, e. g.,* Philadelphia & R.R. Co. v. Berg, 3 Cir. 1921, 274 F. 534, 538–539. If *jurisdiction* of a claim for unseaworthiness resting upon the general maritime law is established by diversity, "the right to jury trial is taken for granted." Currie, The Silver Oar and All That: A Study of the Romero Case, 27 U.Chi.L.Rev. 1, 4 (1959).

## III. ELECTION

Judge Masterson has considered one aspect of the jury trial question in a case dealing with the right of the vessel owner to jury trial of its indemnity claim against the stevedore in Close v. Calmar

S.S. Corp., E.D.Pa.1968, 44 F.R.D. 398. His scholarly discussion need not be repeated here. He concluded that there is a right to jury trial of the seaman's claim under those circumstances notwithstanding consolidation of the longshoreman's in personam admiralty claim with the shipowner's "not peculiarly" or "distinctively" admiralty claim. 44 F.R.D. at 405–406. He then referred *all* factual issues in the consolidated actions to the jury. But here our question is different. For the claimant assert the same rights both in personam and in rem.[2]

■■ The Jones Act does not support an in rem action because it does not create a maritime lien. "Seamen may invoke, at their election, the relief accorded by the old rules against the ship, or that provided by the new against the employer. But they may not have the benefit of both." Plamals v. The Pinar Del Rio, 1928, 277 U.S. 151, 156–157, 48 S.Ct. 457, 458, 72 L.Ed. 827.

■ But under the Jones Act, an election may be made between a suit in admiralty without a jury and a civil action with a jury, each asserting a claim based on negligence. "It was the purpose of the 'election' clause of the Jones Act * * * to make certain that an injured seaman, instead of suing in admiralty, could at his option assert his cause of action for personal injuries in the federal court in an action at law regardless of diversity of citizenship, thereby obtaining the right to jury trial * * *." McCarthy v. American Eastern Corporation, 3 Cir. 1949, 175 F.2d 724, 726–727.

■ The election belongs to the seaman, not his employer and the employer may not require a jury trial. Texas Menhaden Company v. Palermo, 5 Cir. 1964, 329 F.2d 579. *See also,* Fernandes v. United Fruit Co., D.Md.1969, 303 F.Supp. 681, in which the seaman proceeded both in personam and (later) in rem. The court granted a motion to dismiss the in rem proceeding after per-

---

2. In Wente the plaintiff asserts only an in personam claim.

mitting the seaman to elect the jury trial if he wished.

There was no question of requiring an election in Fitzgerald v. United States Lines Company, 1963, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 or in Close v. Calmar, *supra*. In *Fitzgerald* the Supreme Court held that the jury is to try a Jones Act claim and a claim for maintenance and cure when they are joined in the same suit. The plaintiff brought suit in *Fitzgerald* only against the vessel owner in personam for both claims; there was no in rem claim. The same was true in *Close* for there Judge Masterson consolidated the shipowner's in personam indemnity claim against the stevedore with the longshoreman's in personam claim against the shipowner; there was no in rem claim invoking the unique power of the admiralty court.

Here the claim does not arise under the Jones Act, and we do not have the statutory election rule. But the rationale of the Jones Act cases is applicable. Thus, in Philadelphia & R.R. Co. v. Berg, *supra*, it was held that a seaman who apparently could have proceeded under the Jones Act, but who instead invoked the court's diversity jurisdiction, had properly elected, under the saving to suitors clause, to proceed with an action at law with a jury instead of an action in admiralty without a jury. *See also*, Robertson, *supra* 123–135 (1970).

For these reasons, the motion to strike the jury trial will be denied, the plaintiff having elected to proceed in personam against the vessel owners.