**Don W. KATHRINER, Plaintiff,**

v.

**UNISEA, INC., a Washington Corporation, and the BARGE UNISEA, her tackle, gear, apparel, furniture, and equipment, Defendants.**

**Civ. No. A89–211.**

United States District Court,
D. Alaska.

June 18, 1990.

Kurt M. LeDoux, Kodiak, Alaska, for plaintiff.

William F. Brattain II, Faulkner Banfield Doogan & Holmes, Anchorage, Alaska, for defendants.

MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

I.  INTRODUCTION.

THIS CAUSE comes before the court pursuant to the court's minute order filed June 28, 1989 (Docket No. 4), directing plaintiff to show cause, if any, why his demand for jury trial should not be stricken.

II.  BACKGROUND.

On May 30, 1989 (Docket No. 1), plaintiff Don Kathriner filed a verified complaint seeking recovery for injuries allegedly sustained while employed as a seaman aboard the Barge Unisea. Plaintiff asserts claims for negligence under the Jones Act, 46 U.S.C.App. § 688, as well as for unseaworthiness and maintenance and cure under the general maritime law. Plaintiff's complaint designates the action as one within the court's admiralty and maritime jurisdiction for purposes of Fed.R.Civ.P. 9(h), and names as defendants Unisea, Inc., *in personam*, and the Barge Unisea, *in rem*. However, plaintiff has requested the Clerk of Court to hold *in rem* process in abeyance (Docket No. 3) until further notice. At the time he filed his complaint, plaintiff also filed a demand for trial by jury on all claims (Docket No. 2).

By minute order filed June 28, 1989 (Docket No. 4), this court noted that there generally is no right to trial by jury where,

as here, the court's admiralty jurisdiction is invoked, and ordered plaintiff to show cause, if any, why his demand for jury trial should not be stricken. Plaintiff asserts that seamen who join general maritime law claims with Jones Act claims are entitled to jury trial on all claims under the rule announced in *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963).

## III. DISCUSSION.

### A. *Jury Trial.*

Generally, the Seventh Amendment affords no right to trial by jury of causes brought within the court's admiralty jurisdiction under 28 U.S.C. § 1333 and, customarily, such causes are tried to the court. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963); *Waring v. Clarke*, 46 U.S. (5 How.) 441, 460, 12 L.Ed. 226 (1847); Fed.R. Civ.P. 38(e); Fed.R.Civ.P. 9 advisory committee's note; 1 A. Sann & K. Halajian, Benedict on Admiralty § 149 (7th ed. rev. 1975). However, the "saving to suitors" clause, section 9 of the Judiciary Act of 1789, now codified at 28 U.S.C. § 1333(1), preserves the plaintiff's right to enforce its maritime cause of action through a common law remedy in an action at law. *The Moses Taylor*, 71 U.S. (4 Wall) 411, 431, 18 L.Ed. 397 (1867); *Madruga v. Superior Court*, 346 U.S. 556, 560 n. 12, 74 S.Ct. 298, 300 n. 12, 98 L.Ed. 290 (1954). Accordingly, where there is diversity of citizenship of the parties within the meaning of 28 U.S.C. § 1332, the plaintiff may bring the action within a federal court's diversity jurisdiction and have the claim tried to a jury. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359–60, 82 S.Ct. 780, 782–83, 7 L.Ed.2d 798 (1962). Further, while causes of action based upon the general maritime law are not federal questions within the meaning of 28 U.S.C. § 1331, *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 368, 79 S.Ct. 468, 478, 3 L.Ed.2d 368 (1959), statutory maritime causes do present federal questions for which Congress may by statute specifically provide a right to trial by jury. *Id.*, 358 U.S. at 371, 371 n. 28, 79 S.Ct. at 479, 479 n. 28. With the Merchant Marine Act of 1920 ("Jones Act"), now codified at 46 U.S.C.App. § 688, Congress created a cause of action for seamen injured through their employers' negligence, and provided that such claims may be brought *in personam*, in admiralty, without a right to trial by jury, or at law, with a right to jury trial. *Plamals v. The Pinar Del Rio*, 277 U.S. 151, 156–57, 48 S.Ct. 457, 458, 72 L.Ed. 827 (1928); *Johnson v. Venezuelan Line Steamship Co.*, 314 F.Supp. 1403, 1406 (E.D.La.1970).

The question of the right to jury trial is more complex where, as here, the plaintiff joins multiple claims in one action. In *Romero v. International Terminal Operating Co.*, the Supreme Court determined that a federal court may exercise "pendent jurisdiction" over general maritime law counts for unseaworthiness and maintenance and cure when they are joined with a Jones Act claim brought in an action at law. 358 U.S. at 380–81, 79 S.Ct. at 484–85. The Court declined, however, to reach the question "whether the District Court may submit to the jury the 'pendent' claims under the general maritime law." *Id.*, 358 U.S. at 381, 79 S.Ct. at 485. In *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the Court held "that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." 374 U.S. at 21, 83 S.Ct. at 1650. The Court's holding in *Fitzgerald* has been interpreted also to require that an unseaworthiness claim be tried to the jury when joined with a Jones Act claim in an action at law. *See, e.g., Peace v. Fidalgo Island Packing Co.*, 419 F.2d 371, 371–72 (9th Cir.1969); G. Gilmore and C. Black, Jr., *The Law of Admiralty*, 295 n. 45e (2d ed. 1975).

It is clear that the rule in *Fitzgerald* affords a jury right where plaintiff brings its general maritime law claims pendent to a Jones Act claim on the law side of the court. It is not entirely clear whether this rule provides a right to jury trial in this case, however. The general maritime law claims at issue in both *Romero* and *Fitz-*

*gerald* were brought *in personam* only and, consequently, were within the "saving to suitors" clause and eligible for enforcement at law in an action presenting independent grounds for federal jurisdiction. The Court in *Romero* expressly found such grounds under the doctrine of "pendent jurisdiction." The Court in *Fitzgerald* did not address the issue. In this case, on the other hand, plaintiff's complaint invokes only the admiralty jurisdiction of the court. 28 U.S.C. § 1333. Moreover, plaintiff brings his general maritime law claims *in rem* as well as *in personam.* The right to proceed *in rem* against the vessel is a remedy lying exclusively within the federal court's admiralty jurisdiction; such claims are not within the "saving to suitors" clause. *Moses Taylor,* 71 U.S. (4 Wall) 411, 431, 18 L.Ed. 397 (1866). Accordingly, the rule in *Fitzgerald* affords plaintiff a right to jury trial of this cause only if that rule extends to cases where plaintiff brings its general maritime claims in admiralty joined with a factually related Jones Act claim brought on the law side of the court.

The court is aware of no authority in this circuit that has addressed this question directly, and other courts that have addressed the question have drawn different conclusions. *See, e.g., Fernandes v. United Fruit Co.,* 303 F.Supp. 681, 682–83 (D.Md.1969) (citing the holding in *Plamals,* 277 U.S. 151, 48 S.Ct. 457, and holding that plaintiffs seeking jury trial of general maritime law claims under the rule in *Fitzgerald* must elect to proceed in admiralty, with an *in rem* remedy, or at law, with right to jury trial); *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249, 1252–54 (5th Cir. 1975) (no right to trial by jury where plaintiff brought claims *in personam* only but elected to sue on the admiralty side under Fed.R.Civ.P. 9(h)). *But see, e.g., Haskins v. Point Towing Co.,* 395 F.2d 737, 740–41 (3rd Cir.1968) (under the rule in *Fitzgerald,* plaintiff need not bring the general maritime law claims pendent to the Jones Act claim on the law side, but rather may proceed *in rem,* in admiralty, on the general maritime claims and at law on the Jones Act claim, and have trial by jury on all the claims).

The court finds that the rule in *Fitzgerald* extends to permit plaintiffs to have both their general maritime law and Jones Act claims tried to a jury where plaintiffs pursue their maritime claims in admiralty and their Jones Act claims at law. The Supreme Court's opinion in *Fitzgerald* strongly suggests that the court in that case fashioned a new rule of admiralty law providing a right to jury trial in certain circumstances. As the Court noted in *Fitzgerald,* "neither [the Seventh] Amendment nor any other provision of the Constitution, ... [n]or ... any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases." 374 U.S. at 20, 83 S.Ct. at 1650. The Court found the practice of splitting a lawsuit for bench trial of the admiralty claims and jury trial of the civil claims "cumbersome, confusing, and time consuming," and declared "that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts." *Id.,* 374 U.S. at 21, 83 S.Ct. at 1650. The Court determined to "take action to correct the situation," *id.,* 374 U.S. at 21, 83 S.Ct. at 1650, noting that "Article III of the Constitution vested in the federal courts jurisdiction over admiralty and maritime cases, and, since that time, the Congress has largely left to this Court the responsibility for fashioning the controlling rules *of admiralty law.*" *Id.,* 374 U.S. at 20–21, 83 S.Ct. at 1650 (emphasis added). Presumably, in holding "that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts," *id.,* 374 U.S. at 21, 83 S.Ct. at 1650, the Court did not intend silently to limit its holding to cases involving pendent maritime claims joined on the law side of the court, but rather declared a new rule providing a right to jury trial in *admiralty* in certain circumstances.

The Ninth Circuit has suggested a similar view of *Fitzgerald* in dicta in *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.,* 813 F.2d 1553 (9th Cir.1987). In *Trentacosta,* the plaintiff sued a vessel and appurtenances and their owners and operators for injuries allegedly sustained aboard

the vessel. *Id.* at 1556. The plaintiff brought negligence claims on the law side of the district court under the Jones Act, expressly invoking the court's jurisdiction under 28 U.S.C. § 1331. *Id.* at 1559. The plaintiff neither invoked the court's admiralty jurisdiction under 28 U.S.C. § 1333 nor designated his claims as admiralty claims under Fed.R.Civ.P. 9(h). *Id.* The plaintiff also brought general maritime law claims for unseaworthiness and maintenance and cure, but did not proceed with his *in rem* claims against the vessel and appurtenances. *Id.* at 1556, 1560 n. 5. The court of appeals thus determined that plaintiff's maritime claims had been joined on the law side pendent to his Jones Act claims, and affirmed the district court's order dismissing the general maritime law claims after dismissing the jurisdictionally deficient Jones Act claims to which they were joined. *Id.* at 1559-60.

The court of appeals reversed, however, the district court's order denying plaintiff leave to amend his complaint to bring the maritime law claims under the court's admiralty jurisdiction, independent of the deficient Jones Act claims. *Id.* at 1562. The court of appeals noted:

> If Trentacosta amends his complaint to invoke the district court's admiralty jurisdiction over those claims which are cognizable in admiralty, the district court will have jurisdiction of those claims. These admiralty ... claims may be joined with Trentacosta's [jurisdictionally sufficient] Jones Act claim.... Fed.R.Civ.P. 20. At that point the question will likely arise as to whether Trentacosta will be entitled to a jury trial, and if so on which claims.

*Id.* at 1561 n. 6.

In answer to this question the court of appeals simply noted that "[t]he *Fitzgerald* court held that admiralty claims which are joined with Jones Act claims 'must be submitted to the jury when both arise out of one set of facts.'" *Id.* (quoting *Fitzgerald*, 374 U.S. at 21, 83 S.Ct. at 1650). The court further noted that "[t]he district court also has the power 'to bifurcate or consolidate trial of separate admiralty and civil claims depending on whether the claims are part of the same basic cause of action.'" *Id.* (quoting *Newton v. Shipman*, 718 F.2d 959, 963 n. 4 (9th Cir.1983); *see also Owens–Illinois, Inc. v. U.S. District Court*, 698 F.2d 967, 972 (9th Cir. 1983) ("When admiralty claims are joined with civil claims and the issues cannot be segregated for separate trial, a jury trial if timely demanded is required.").

### B.  *Conclusion.*

The court finds well taken plaintiff's argument that the rule in *Fitzgerald* provides a right to jury trial of general maritime law claims brought in admiralty when they are joined with Jones Act claims brought on the law side with an election of trial by jury. However, the court in this case finds that plaintiff's complaint, designated under Fed.R.Civ.P. 9(h), fails to make the requisite election because it does not invoke the court's federal question jurisdiction, 28 U.S.C. § 1331, over plaintiff's Jones Act claim. *See Plamals v. The Pinar Del Rio*, 277 U.S. 151, 156–57, 48 S.Ct. 457, 458, 72 L.Ed. 827 (1928); *Johnson v. Venezuelan Line Steamship Co.*, 314 F.Supp. 1403, 1406 (E.D.La.1970). Accordingly, plaintiff must either move to amend his complaint to cure this defect or withdraw his jury demand.[1] The court notes that should plaintiff elect not to withdraw his jury demand, this cause shall be reassigned forthwith to another judge of this court.

### IV.  ORDER.

Accordingly, IT IS ORDERED:

---

1. At this time, the court defers consideration of plaintiff's motion to amend complaint filed November 9, 1989 (Docket No. 20), because that motion raises issues that are also involved in defendant Unisea's motion for summary judgment filed September 13, 1989 (Docket No. 13) and plaintiff's cross-motion for summary judgment filed April 2, 1990 (Docket No. 28). Accordingly, should plaintiff elect to comply with this order by moving to file an amended complaint, that complaint shall not include the third cause of action under the Longshore and Harbor Workers Compensation Act which plaintiff seeks to join in his motion to amend complaint (Docket No. 20).

(1) THAT within ten (10) days from the date of this order, plaintiff shall either move to amend his complaint or withdraw his jury demand, as more fully set forth above;  and

(2) THAT the court's minute order filed June 28, 1989 (Docket No. 4), directing plaintiff to show cause, if any, why his demand for jury trial should not be stricken, shall be held in abeyance for ten (10) days.