**Edwin A. JOSE, et al., Plaintiffs,**

v.

**M/V FIR GROVE, In Rem, et al., Defendants.**

Civ. No. 90–6028–MA.

United States District Court,
D. Oregon.

March 29, 1991.

Richard J. Dodson, Thomas E. Richard, Law Offices of Richard J. Dodson, Baton Rouge, La., John Buehler, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for plaintiffs.

Paul Wonacott, Kathleen A. McKeon, Wood Tatum Mosser Brooke & Landis, Portland, Or., for defendants.

## OPINION

MARSH, District Judge.

Plaintiffs are fourteen foreign seamen who filed this action seeking to recover back wages and penalties pursuant to 46 U.S.C. § 10313 as well as compensatory and punitive damages for common law claims of blacklisting, outrageous conduct, breach of the duty of good faith and fair dealing, duress, intentional infliction of emotional distress and fraud. In addition, plaintiff Edwin Jose and his wife, Augustine Jose, seek to recover damages for a maritime personal injury. Plaintiffs and defendants have filed cross-motions on the issue of whether or not plaintiffs are entitled to a jury trial. For the reasons that follow, I find that the trial in this case will be to the court.

## DISCUSSION

### a. *Admiralty Jurisdiction*

Article III, § 2 of the United States Constitution empowers district courts to hear and decide "all case of admiralty and maritime jurisdiction." Section 9 of the Judiciary Act of 1789, and its modern day version embodied in 28 U.S.C. § 1333 further provides as follows:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

The dichotomy recognized under the "savings to suitors" clause is generally explained as follows: where a plaintiff proceeds in an action against a defendant *in personam*, his claim may be brought either in federal court under admiralty jurisdiction or, under the savings clause, in an ordinary civil action under the "law" side of the court, without reference to admiralty. G. Gilmore & C. Black, *The Law of Admiralty*, § 1–13, at 36–37 (2d ed. 1975).[1]

■ Claims filed under the admiralty jurisdiction of a federal court also fall into two categories—*in rem* actions directed against the vessel itself and *in personam* actions which are generally directed against the ship's owners. The critical difference between these two actions is that an *in rem* proceeding may only be brought before a federal court, as a court in admiralty. Gilmore, *supra*, at 38; *Durden v. Exxon Corp.*, 803 F.2d 845, 849 (5th Cir. 1986); *TNT Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585 (5th Cir.) *cert. denied* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); *Kathriner v. Unisea, Inc.*, 740 F.Supp. 768, 770 (D. Alaska 1990). Claims *in rem* may not fall within the "savings to suitors" clause. *Kathriner*, 740 F.Supp. at 770.

In this case, and in other related cases before this court, plaintiffs filed their action both *in rem* against the vessel, and *in personam* against the shipowners. Plaintiffs' claims for back wages and penalties were identified as claims "in admiralty" for the purpose of arresting the vessel in the Port of Coos Bay. Following the arrest, and after several hearings in February of 1990, I set the amount of the release bond at $3.5 million pursuant to Admiralty Rule E(5).

In addition, in their first complaint and each amended complaint filed thereafter,

---

**1.** Such an action may be filed in a state court, or if permitted by diversity or federal question, in a federal district court. Gilmore, *supra*.

plaintiffs demanded a jury, which was grounded upon Jose's claims for personal injury under the Jones Act, 46 U.S.C.App. § 688.[2]

It was with this general backdrop in mind that I denied defendants' motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction in a related case, *Su v. M/V SOUTHERN ASTER*, 767 F.Supp. 205, 207 (D.Or.1990) (subject matter jurisdiction existed to hear wage claims of foreign seamen under general maritime law). *See also Jose v. M/V FIR GROVE*, 765 F.Supp. 1024, 1028 (jurisdiction over wages claims pursuant to general maritime law).

b. *Right to a Jury*

■ The Seventh Amendment to the Constitution governs the right to a trial by jury and generally affords no right for a jury in causes brought within the court's admiralty jurisdiction. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963); Fed.R.Civ.P. 38(e). However, over the course of time, courts have determined that there are two exceptions to the general rule that admiralty claims will be tried exclusively the court. The first is where Congress has expressly provided for the right to a trial by jury, such as in the Jones Act. *See Fitzgerald*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720; *Trentacosta v. Frontier Pacific Aircraft Ind. Inc.*, 813 F.2d 1553 (9th Cir.1987); *Zrncevich v. Blue Hawaii Ent., Inc.*, 738 F.Supp. 350 (D. Hawaii 1990). The second, is when a claim falls within the "savings to suitors clause" and a plaintiff makes the election to proceed on the law side of the court based upon diversity or federal question jurisdiction, rather than invoking admiralty jurisdiction under Fed.R.Civ.P. 9(h).

■ Where a right to a jury trial is premised upon a statutory grant, such as the Jones Act, pendent claims arising out of the same transaction, but which do not ordinarily carry a right to a jury may be consolidated for the purpose of trial, and may be heard by a jury. *Fitzgerald*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720; *Owens–Illinois, Inc. v. The United States District Court for the Western Dist. of Washington at Tacoma*, 698 F.2d 967, 972 (9th Cir.1983); *Zrncevich*, 738 F.Supp. at 353. However, it is unclear whether pendent claims under general maritime law may be submitted to the jury. *Kathriner*, 740 F.Supp. at 769.

On February 7, 1991, I found that, under a conflict of law analysis, U.S. law does not apply to the Joses' claims under the Jones Act or general maritime law. Opinion at 22. Plaintiffs now argue that they are entitled to proceed "at law" on their claims for back wages, originally brought *in rem*, under the savings to suitors clause,[3] and that all other pendent claims should be tried to the jury under the rationale of *Fitzgerald*. In addition, in the event that I decided that plaintiffs could not invoke the privileges of *both* law and maritime remedies, plaintiffs filed an "election to proceed at law." In that election, plaintiffs seek to strike all references to "admiralty and maritime jurisdiction" from their claims for back wages and proceed entirely under the law side jurisdiction of this court, foregoing rights to the security bond. In support of this argument, plaintiffs contend that they never specifically invoked the admiralty jurisdiction of this court pursuant to Fed.R.Civ.P. 9(h).[4]

---

**2.** Section 688 of the Jones Act provides as follows: "Any seamen who shall suffer a personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of a trial by jury."

**3.** 46 U.S.C. § 10313 does not provide a right to a jury trial. Accordingly, claims for back wages may only be heard by a jury if the savings to suitors clause is applicable.

**4.** Rule 9(h) provides, in relevant part, as follows:
"A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime claims. If the claim is cognizable only in admi-

Thus, the issue before me is whether plaintiffs are entitled to change horses midstream and proceed with their wage claims under this court's "at law" jurisdiction after utilizing the benefits of an admiralty proceeding *in rem*.

First, I find the rationale under the *Fitzgerald* line of cases inapplicable here. In *Fitzgerald* and its progeny, plaintiffs filed actions under the Jones Act, *in personam*, and sought to adjudicate non-maritime claims arising out of the same set of occurrences in a single proceeding before a jury. *See Trentacosta*, 813 F.2d at 1556 (plaintiff careful to invoke federal jurisdiction *solely* under diversity and not under admiralty).

Neither party has cited, nor have I been able to find, any case in which a plaintiff has successfully proceeded against a vessel *in rem*, obtained a bond to secure claims for past wages, and then turned around and used the very same claim as an "anchor" to establish at law jurisdiction pursuant to the savings to suitors clause.[5] On the contrary, several cases have held that plaintiffs may not enjoy the benefits of both a security bond obtained *in rem*, and a jury trial *in personam* based upon reliance on a single claim. In *Durden*, plaintiff filed an action asserting a Jones Act claim and maritime injuries *in rem* against the vessel. The district court dismissed his Jones Act claim and proceeded with a trial to the court on his claim for maritime injuries. The Fifth Circuit affirmed, reasoning that since the plaintiff elected to bring the suit under admiralty jurisdiction, he was precluded from requesting a jury:

> "Rule 38(e) of the Federal Rules of Civil Procedure provides that the identification of a claim as an admiralty or maritime claim carries with it the procedural consequences of a non-jury trial."

*Id.*, at 849. *See also TNT*, 702 F.2d at 587–88 (plaintiff cannot complain about loss of jury right where admiralty election made at outset).

In addition, I find that the language of Rule 9(h) and 28 U.S.C. § 1333 would be completely nullified if plaintiffs were permitted to utilize both admiralty and non-admiralty procedural remedies for the same claim. The rules explicitly refer to an "election" of remedies, which by its own terms implies that one course must be chosen over another.

■ Because I find that plaintiffs may not invoke both *in rem* and *in personam* remedies with respect to their wage claims, I must now consider whether plaintiffs may revoke that election, forego their security bond, and proceed with his case *in personam* before a jury.

In *Trentacosta*, the plaintiff filed an action under the Jones Act and various common law tort theories. He specifically drafted his complaint in such a way as to invoke jurisdiction *solely* under 28 U.S.C. § 1331 (diversity). Thus, his tort claims, although cognizable under general maritime law, were joined to his Jones Act claim under the doctrine of pendent jurisdiction. The district court dismissed plaintiff's claim under the Jones Act and held that it no longer had jurisdiction over the pendent claims since they did not fall under admiralty jurisdiction. 813 F.2d at 1560. The Ninth Circuit reversed, finding that plaintiff should have been granted leave to amend his complaint and replead his tort claims under the court's admiralty and maritime jurisdiction. The court held that an "election to proceed on the law side of the court, rather than in admiralty, however, is not irrevocable." *Id.*, at 1561.

Based upon the holding in *Trentacosta*, plaintiffs argue that the opposite should also hold true, i.e. they should be able to revoke their prior election to proceed in admiralty and reinstate their claims on the law side of the court. Unfortunately,

---

ralty, it is an admiralty or maritime claim for those purposes whether so identified or not."

**5.** Cases cited by plaintiff all involve truly "hybrid" actions in which plaintiffs asserted a right to a jury under a Jones Act claim, and a right to proceed in admiralty under *separate* claims such as maintenance and cure and relief under DOSHA. *See Trentacosta*, 813 F.2d at 1556 (negligence, strict liability, maintenance and cure); *Peace v. Fidalgo Island Packaging Co.*, 419 F.2d 371 (9th Cir.1969) (DOSHA); and *Kathriner*, 740 F.Supp. at 769 (maintenance and cure).

plaintiffs' argument runs into troubled waters with the application of Fed.R.Civ.P. 38(b) and (e).

Rule 38(e) provides that "these rules shall not be construed to create a right to a trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h). Rule 38(b) provides that demand for a jury trial must be made no later than ten days after service. Hence, the question is whether plaintiffs' motion to strike references to admiralty jurisdiction, or alternative motion to dismiss this action without prejudice and refile it to obtain a jury trial, are timely.

Although motions to amend must be liberally granted under Fed.R.Civ.P. 15, I find that plaintiffs' proposed amendment would serve to completely circumvent Rule 38 and the requirement that a demand for a jury trial must be made at the outset of the litigation. In this case, plaintiffs' seek to obtain a jury trial based upon wage claims which were specifically designated under the court's admiralty jurisdiction and invoked the privileges of an *in rem* security bond. I find this to be an impermissible basis upon which to seek an amendment or voluntary dismissal with leave to refile in light of the unique circumstances present in this case. *See McNeilab, Inc. v. American Home Products Corp.*, 683 F.Supp. 332 (S.D.N.Y.1987) *aff'd* 848 F.2d 34 (2nd Cir.1988) (plaintiff's failure to request jury could not be overcome via voluntary dismissal).

Finally, a plaintiff need not identify a maritime claim as a claim within the court's admiralty jurisdiction if the claim is cognizable solely within admiralty jurisdiction. *Conti v. Sanko Steamship Co., Ltd.*, 912 F.2d 816, 817 (5th Cir.1990); *Trentacosta*, 813 F.2d at 1559–60; *TNT*, 702 F.2d at 587. As noted previously, an *in rem* proceeding against a vessel may only be brought on the admiralty side of a federal district court. Accordingly, I find that plaintiffs use of the *in rem* process and references to "admiralty and maritime" jurisdiction invoked the admiralty jurisdiction of this court. Failure to specifically refer to Rule 9(h) is inconsequential.

## CONCLUSION

Based on the foregoing, and in light of my previous ruling that the Jones Act does not apply to plaintiffs' claims, I find that plaintiffs' specifically invoked the admiralty jurisdiction of this court and enjoyed the benefits of that elections by obtaining a $3.5 million security bond to secure their wage claims. Further, I find that in making this election, plaintiffs waived their right to a trial by jury and this waiver may not be revoked under the circumstances of this case in light of Fed.R.Civ.P. 38. Accordingly, plaintiffs' motion for a jury trial is DENIED and defendants' cross motion to strike the jury demand is GRANTED.