## SWARTHMORE JUNIOR, Inc., v. MISS GREELEY JUNIOR FROCKS, Inc.

District Court, S. D. New York.

Oct. 25, 1943.

Charles Sonnenreich, of New York City, for plaintiff.

Dean, Fairbank & Hirsch, of New York City, for defendant.

COXE, District Judge.

This is a motion by the plaintiff with respect to the conduct of a pending examination before trial of an officer of the defendant. In the course of the examination, the witness refused to answer various questions propounded by counsel for the plaintiff, and the motion is for rulings on these questions, as well as for the production of books and records.

The action is at law for damages for alleged infringement of a design patent for a lady's dress, issued February 9, 1943, and there is a demand for a jury trial.

The complaint alleges that the defendant has infringed by exhibiting and selling ladies' dresses embodying the design of the patent within the Southern District and elsewhere in the United States. It is further alleged that the infringement has been "wanton and deliberate", that it has resulted in damage to the plaintiff "of at least $10,000", and that the plaintiff has "duly placed the required statutory notice on all ladies dresses manufactured and sold by it under the aforesaid design letters patent, and has given due written notice to the defendant of its said infringement". The relief asked is for damages of $10,000, and that the damages be trebled.

The defendant in its answer disputes the validity of the patent, denies infringement, and sets up a counterclaim for damages for alleged improper use of the patent in circularizing the defendant's customers. The allegations with respect to prior patents, prior publications and prior uses are general, but it is stated these will be identified thirty days before the trial pursuant to the statutory requirement.

The questions propounded to the witness, which are the subject of the motion, fall into three general categories, namely, (1) those relating to the number of alleged infringing garments manufactured and sold by the defendant, their cost of manufacture, and selling price; (2) those relating to the defense of invalidity; and (3) those relating to the defendant's counterclaim.

The defendant says that in an action at law for damages for patent infringement, any examination of the defendant's cost records is irrelevant. This undoubtedly is a correct statement of the general rule, which limits the recovery in law ac-

tions to damages as distinguished from profits. Brown v. Lanyon, 8 Cir., 148 F. 838; Tilghman v. Proctor, 125 U.S. 136, 8 S.Ct. 894, 31 L.Ed. 664; Coupe v. Royer, 155 U.S. 565, 15 S.Ct. 199, 39 L.Ed. 263. The Act of February 4, 1887, 35 U.S.C.A. § 74, created, however, an exception to the general rule in actions for infringement of design patents. Under this statute, a wilful infringer of a design patent is liable in the amount of $250, and also for any profits he has made in excess of $250. Untermeyer v. Freund, C.C., 50 F. 77, affirmed, 2 Cir., 58 F. 205; Young v. Grand Rapids Refrigerator Co., 6 Cir., 268 F. 966, 974; Western Gas Fixture Co. v. Jefferson Glass Co., 4 Cir., 296 F. 128. This statute expressly provides that recovery may be had "either by action at law or upon a bill in equity." It is not necessary to allege that the plaintiff bases his claim on the statute; the present allegations are sufficient to bring the case within its provisions. I do not think, therefore, that the questions in the first category are irrelevant.

But should the plaintiff be allowed to pursue its examination into the defendant's cost records, selling prices and book figures at this stage of the proceeding? I think not. Dress design patents are particularly vulnerable; this has been pointed out by the Circuit Court of Appeals in a number of recent decisions. Nat. Lewis Purses v. Carole Bags, 2 Cir., 83 F.2d 475; Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, 2 Cir., 112 F.2d 715; White v. Leanore Frocks, Inc., 2 Cir., 120 F.2d 113. It can hardly be doubted, therefore, that the plaintiff's chance of succeeding at the trial is very slight. Under these circumstances, I think the plaintiff should wait for its examination as to the defendant's profits at least until the trial judge rules that there is a question for the jury to determine on validity. This may entail some inconvenience, but I do not believe that it should cause any serious difficulty. The objection of the defendant to further inquiry along the lines suggested by the questions in the first category is sustained, with permission to the plaintiff to renew its request for further examination at the trial after there has been some ruling with respect to validity.

The questions in the second category were passed on at the argument, and need no further comment.

The questions in the third category relating to defendant's counterclaim should be answered by giving an account of any notices sent to the defendant's customers which have been brought to the defendant's attention, and by disclosing the business claimed to have been lost by the defendant as a result of such notices. If books and records are necessary for the inquiry, they should be produced by the defendant.

The motion of the plaintiff is granted to the extent indicated in this memorandum.