Morton M. ROSS, Plaintiff,

v.

PLASTIC PLAYTHINGS, Inc., and Stahlwood Toy Manufacturing Co., Inc., Defendants.

United States District Court
S. D. New York.
March 6, 1956.

Nelson J. Edge, New York City, for plaintiff.

J. T. Basseches, New York City, for defendants.

BICKS, District Judge.

Plaintiff instituted this suit against defendant Plastic Playthings, Inc. in December, 1951 for alleged infringement of his design patent. The complaint prayed for an injunction and an accounting of profits. On January 14, 1952 plaintiff filed a note of issue requesting that the action be added to the Civil Non-Jury Trial Calendar. In October, 1955, after the patent expired, plaintiff sought and was granted leave to amend his complaint by (1) adding Stahlwood Toy Manufacturing Co., Inc. as a party defendant; (2) eliminating the prayer for injunctive relief; and (3) adding a demand for treble damages and counsel fees.

Defendants Plastic and Stahlwood served separate answers to the amended complaint on November 3, and November 23, 1955 respectively. On November 25, 1955, twenty-two days after service of Plastic's answer, but less than ten days after service of Stahlwood's answer, plaintiff, pursuant to Rule 38(b), Fed. Rules Civ.Proc., 28 U.S.C.A., served a demand for a jury trial as to both defendants on all issues triable to a jury

"including the issues of validity and infringement and damages." The defendants have moved to strike the jury demand, contending that (1) since an accounting of profits is sought, the cause is not one triable to a jury as of right and (2) in any event, plaintiff has waived his right to a jury trial.

■■ It is not necessary to inquire into whether a suit for the infringement of a patent other than a design patent in which the demand is for an accounting of profits, as distinguished from damages, states a claim for equitable relief. See Root v. Railway Company, 1881, 105 U.S. 189, 26 L.Ed. 975; Brewster v. Technicolor, D.C.S.D.N.Y.1941, 2 F.R.D. 186. The statute dealing with design patents imposes a liability upon the infringer of such a patent to the extent of his total profits, but not less than $250. 35 U.S.C.A. § 289. This liability may be recovered "either by action at law or upon a bill in equity for an injunction to restrain such infringement." See § 74 of former Title 35, 35 U.S.C.A. Appendix, and the Reviser's Note to Title 35, 1952 ed., §§ 281 and 289. See also Swarthmore Junior, Inc., v. Miss Greeley Junior Frocks, Inc., D.C.S.D.N.Y.1953, 52 F.Supp. 992. The omission of the quoted language in the revised statutes would not seem to be significant in view of Rule 2, Fed.R.Civ.P. which obliterated for procedural purposes the historic distinction between "law" and "equity". The amended complaint, though it does not refer to § 289, sufficiently pleads an action at law under that section.

■ The remaining problem is whether plaintiff has waived a jury trial. Defendants contend that the time for service of a demand for a jury trial commenced running when the cause was first at issue in 1951 and not in 1955 when the issues were framed by the answers to the amended complaint because, they suggest, the amended pleadings raise no issues which were not presented by the original pleadings.[1] They overlook that

1. Defendant Plastic has not urged that the demand was untimely as to it because of the lapse of upwards of ten days between the service of its last responsive

plaintiff by amending his complaint and omitting his prayer for equitable relief was then for the first time in a position to demand a jury "for only then did there come into being an issue 'triable of right by a jury'". See Bereslavsky v. Caffey, 2 Cir., 1947, 161 F.2d 499, certiorari denied, 1947, 332 U.S. 770, 68 S. Ct. 82, 92 L.Ed. 355.

Motion to strike jury demand denied.

pleading and the jury demand. It is, therefore, not necessary to discuss whether as against said defendant the period commenced to run from the service of its answer or from the service of

defendant Stahlwood's answer. See McKnight v. Mutual Broadcasting System, D.C.S.D.N.Y.1953, 14 F.R.D. 174; Spiro v. Pennsylvania R. Co., D.C.S.D.N.Y. 1942, 3 F.R.D. 351.