**448**

**AMERICAN HOME PRODUCTS CORPORATION, Plaintiff,**

v.

**JOHNSON & JOHNSON, McNeilab, Inc., Saatchi & Saatchi Compton, Inc., and Kallir Philips Ross Inc., Defendants.**

No. 85 Civ. 4858 (WCC).

United States District Court, S.D. New York.

Aug. 1, 1986.

Arnold & Porter, Washington, D.C., Parker Auspitz Neesemann & Delehanty, P.C., American Home Products Corp., Legal Dept., New York City, for plaintiff; Stuart J. Land, Steven P. Lockman, Peter T. Grossi, Jr., Washington, D.C., Jack C. Auspitz, Kim J. Landsman, Charles F. Hagan, William P. Woods, Egon E. Berg, New York City, of counsel.

Patterson, Belknap, Webb & Tyler, New York City, for defendants; David F. Dob-

bins, Gregory L. Diskant, Theodore B. Van Itallie, Jr., Shari Loe, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff American Home Products Corp. ("AHP"), brought this action against defendants McNeilab, Inc. ("McNeil"), McNeil's parent company, Johnson & Johnson, and two of McNeil's advertising agencies, Saatchi & Saatchi Compton, Inc. and Kallir Philips Ross Inc., alleging that defendants engaged in false and misleading advertising in violation of section 43(a) of the Trademark Act of 1946 ("the Lanham Act"), 15 U.S.C. § 1125(a) (1982), sections 349(h) and 350–d(3) of the New York General Business Law, N.Y.Gen.Bus. Law §§ 349(h), 350–d(3) (McKinney Supp.1986), and the common law of unfair competition. Subject matter jurisdiction is predicated upon section 39 of the Lanham Act, 15 U.S.C. § 1121 (1982), 28 U.S.C. §§ 1331, 1338(b) (1982), and the doctrine of pendent jurisdiction.

This matter is now before the Court on AHP's motion (1) to strike McNeil's jury demand with respect to counts one through three of AHP's amended complaint, (2) to strike McNeil's jury demand with respect to its second through eighth counterclaims, (3) to strike or, in the alternative to sever, McNeil's claim for damages with respect to its second through eighth counterclaims, and (4) to strike or, in the alternative to sever, McNeil's ninth counterclaim. For the reasons set forth below, AHP's motion is granted as indicated.

*Background*

AHP manufactures various nonprescription, over-the-counter analgesics including Anacin, Anacin–3 and Advil. Anacin contains aspirin and caffeine, Anacin–3 contains acetominophen, and Advil contains ibuprofen. McNeil, one of AHP's competitors, manufactures Tylenol, which contains acetominophen.

On June 24, 1985, AHP filed a five-count complaint alleging that McNeil and the other defendants employed false and misleading advertising in an effort to secure an unfair competitive advantage for McNeil's Tylenol products over AHP's Anacin, Anacin–3 and Advil products. AHP sought declaratory and injunctive relief, damages, costs, and attorney's fees. AHP did not demand a jury trial.

McNeil filed an answer on July 16, 1985. On August 13, 1985, McNeil amended its answer to assert six counterclaims. McNeil amended its answer a second time on January 8, 1986 to add two additional counterclaims. McNeil's counterclaims sought only declaratory and injunctive relief. AHP filed replies to McNeil's counterclaims on September 4, 1985 and February 18, 1986. Neither AHP nor McNeil demanded a jury trial.

With McNeil's consent, AHP filed an amended complaint on April 25, 1986, and McNeil filed an answer on May 20, 1986 and an amended answer on June 13, 1986. McNeil added a ninth counterclaim and for the first time sought damages on its second through ninth counterclaims and demanded a jury trial on counts one through three of the complaint and on its second through ninth counterclaims.

As noted above, AHP has moved to strike McNeil's jury demand with respect to counts one through three of the complaint, to strike the jury demand with respect to McNeil's second through eighth counterclaims, to strike or sever McNeil's claim for damages on the second through eighth counterclaims, and to strike or sever McNeil's ninth counterclaim. I address each of these issues in turn below.

*AHP's motion to strike the jury demand with respect to the complaint.*

AHP has moved to strike McNeil's jury demand with respect to the first three counts of the complaint on the ground that McNeil waived its right to a jury trial with respect to the complaint by failing to serve a demand within ten days after service of McNeil's original answer. Rule 38, Fed.R. Civ.P., provides in relevant part:

(b) Demand. Any party may demand a trial by jury of any issue triable of right

by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. . . .

. . . .

(d) Waiver. The failure of a party to serve a demand as required by [rule 38] constitutes a waiver by him of trial by jury.

Rule 38(b), (d), Fed.R.Civ.P.

McNeil does not dispute that it failed to serve a jury demand by July 25, 1985, ten days from service of its original answer. McNeil nevertheless contends that its jury demand was timely because AHP revived McNeil's right to demand a jury trial with respect to AHP's complaint when AHP amended its complaint on April 18, 1986.

While the Court agrees that a jury demand may be made within ten days after service of an amended pleading for new issues raised by the amended pleading, it is well settled that an amendment does not revive a right previously waived to demand a jury trial on issues already framed by the original pleadings. *State Mut. Life Assurance Co. of Am. v. Arthur Andersen & Co.*, 581 F.2d 1045, 1049 (2d Cir.1978); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973) (en banc); *Western Geophysical Co. of Am., Inc. v. Bolt Assocs., Inc.*, 440 F.2d 765, 769 (2d Cir.1971) (Friendly, J.); *Printers II, Inc. v. Professionals Publishing, Inc.*, 596 F.Supp. 1051, 1052 (S.D. N.Y.1984); *see generally* 9 C. Wright, A. Miller & F. Elliott, Federal Practice & Procedure: Civil § 2320, at 94–95 (1971); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 38.39[2], at 38–353 to –354 (2d ed. 1985); *id.* ¶ 38.41. Obviously, every amended pleading contains some new material. However, it does not necessarily follow that the issues have changed. The term "issue" means something more than the evidence offered and the legal theories pursued. *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir.1980). The question is whether the amended pleading is significantly different from the original pleading. "[W]hen the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised. Usually, the initial jury demand (or waiver) will put the other parties on notice that a jury (or the court) will be trying 'all issues relating to [the] general area of dispute.'" *Id.* at 96 (quoting *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973) (en banc)). Having carefully compared AHP's original and amended complaints, I conclude that the amended complaint did not raise new issues and therefore did not revive McNeil's right to demand a jury trial of counts one through three of the complaint.

In count one of its original complaint, AHP alleged that the false and misleading nature of the brochure advertisement attached to the complaint as Exhibit 1—the so-called "checklist ad"—*and other similar advertisements* has influenced health care professionals to purchase and to advise consumers to purchase Tylenol rather than analgesics containing ibuprofen, such as Advil. In particular, AHP alleged that McNeil's advertisements convey the false and misleading impression (1) that medical studies have established a significant association between ibuprofen and certain side effects; (2) that ibuprofen causes more side effects than aspirin or is at best indistinguishable from aspirin in terms of side effects; and (3) that the occurrence of side effects with Tylenol is lower than with ibuprofen. AHP also alleged that McNeil's advertisements are false and misleading because they purport to convey a comprehensive description of the "safety profile" of aspirin, ibuprofen, and acetominophen, but fail to disclose that some uses of acetominophen may cause serious side effects, including fatal liver damage.

In amending count one, AHP merely added another specific example of the McNeil advertisements it claims are false and misleading—the so-called "apple ad." AHP alleged that this ad, like the checklist ad, communicates the false and misleading claim that ibuprofen is at best indistinguishable from aspirin in terms of overall safety and side effects.

Both the checklist ad and the apple ad deal with the same kinds of comparisons with respect to the analgesics in question, although they present the comparisons in somewhat different formats. However, AHP is not complaining about the format of the advertisements, but rather the substance of the comparisons contained in them. The essence of count one in both the original and amended complaints was that McNeil's comparative advertising directed to health care professionals was false and misleading with respect to the side effects and safety profiles of aspirin, acetominophen, and ibuprofen. Accordingly, I conclude that AHP's amendment to count one did not change the character of count one in such a way that it revived McNeil's right to demand a jury trial with respect to count one.

AHP made no changes in count two. A fortiori, McNeil's right to demand a jury trial with respect to count two was not revived by AHP's amendment.

In count three of its original complaint, AHP alleged that the false and misleading nature of the checklist ad *and other similar advertisements* have influenced health care professionals to purchase and to advise consumers to purchase Tylenol rather than analgesics containing ibuprofen or aspirin, such as Advil or Anacin. In particular, AHP alleged that McNeil's advertisements convey the false and misleading impression (1) that Tylenol provides superior efficacy over Advil and other analgesics containing aspirin; (2) that Tylenol is more effective than analgesics containing ibuprofen or aspirin in relieving mild to moderate pain; and (3) that Tylenol has an anti-inflammatory effect.

Like AHP's amendment to count one, its amendment to count three added a reference to another specific McNeil advertisement that AHP claims is false and misleading. Once again, the fact that AHP amended its complaint to refer specifically to another of the advertisements originally subsumed by the words "and similar advertisements" does not raise new issues. The gravamen of count three, both before and after AHP's amendment, is that McNeil's advertisements directed to health care professionals make the false and misleading claim that Tylenol provides superior efficacy over analgesics containing aspirin or ibuprofen.

AHP also made a few changes in the wording of count three. While the original count three alleged that McNeil's advertisements contain false and misleading claims that Tylenol "provides superior efficacy over ADVIL and over aspirin-based products," amended count three asserts that McNeil's advertisements contain false and misleading claims that Tylenol "is superior as an analgesic to ADVIL and aspirin-based products." And, to its original allegation that McNeil's advertisements communicate the false and misleading claim that Tylenol is more effective than Advil or aspirin-based products in relieving mild to moderate pain, AHP added the assertion that the deception is intensified inasmuch as Tylenol is not as effective an analgesic as ibuprofen. These wording changes also did not change the character of count three, and I therefore conclude that AHP's amendment did not revive McNeil's right to demand a jury trial with respect to count three of the complaint. Thus, AHP's motion to strike McNeil's jury demand with respect to counts one through three of the complaint is granted.[1]

1. McNeil has suggested that the Court should exercise its discretion under rule 39(b), Fed.R. Civ.P., to order a jury trial of all issues raised in AHP's complaint. *See* Defendant McNeilab, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Strike or Sever at 36–38. Rule 39(b) provides in relevant part that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." McNeil bases its request on the assumption that the "new" issues raised by AHP's amended complaint must be tried first to a jury before the old issues can be tried to the Court. However, I have concluded that AHP's amendment raised no new issues, and that all issues raised by the amended complaint will be tried to the Court. In any event, I do not find that the circumstances of this case warrant the exercise of the Court's discretion to order a jury

*AHP's motion to strike the jury demand with respect to the second through eighth counterclaims.*

■ AHP has also moved to strike McNeil's jury demand with respect to McNeil's second through eighth counterclaims. AHP contends that McNeil waived its right to a jury trial with respect to its counterclaims by failing to serve a demand within ten days after service of AHP's reply.

In response, McNeil asserts that it was not entitled to demand a jury at the time AHP served its reply because McNeil had demanded only declaratory and injunctive relief and not damages on its counterclaims. According to McNeil, it was entitled to demand a jury only after it amended its answer to demand damages on its counterclaims, and it did so. Thus, McNeil contends that its jury demand was timely.

There is indeed support for McNeil's position in a few early decisions in this circuit. *See, e.g., Bereslavsky v. Caffey,* 161 F.2d 499 (2d Cir.), *cert. denied,* 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1947); *Ross v. Plastic Playthings, Inc.,* 138 F.Supp. 887, 888–89 (S.D.N.Y.1956). The plaintiff in *Bereslavsky* brought an action alleging infringement of his patent. His original complaint sought preliminary and permanent injunctive relief together with profits and damages pursuant to former 35 U.S.C. § 70 (1940) (Act of July 8, 1870, ch. 230, § 55, 16 Stat. 198, 206, *as amended by* Act of Mar. 3, 1897, ch. 391, § 6, 29 Stat. 692, 694, *as amended by* Act of Feb. 18, 1922, ch. 58, § 8, 42 Stat. 389, 392). The patent expired before judgment, and with the district court's permission the plaintiff amended his complaint to strike the request for injunctive relief together with profits and damages; in its place he substituted a request solely for damages pursuant to for-

mer 35 U.S.C. § 67 (1940) (Act of July 8, 1870, ch. 230, § 59, 16 Stat. 198, 207).[2] At the same time he demanded a jury trial. The defendant moved pursuant to rule 38(b), (d), Fed.R.Civ.P., to strike the jury demand as untimely and the district judge granted the motion. The plaintiff filed a petition for a writ of mandamus, and the court of appeals granted the petition and directed the district judge to vacate his order striking the jury demand. The court of appeals held that

> [t]he [district] judge erred in striking the jury demand, despite the fact that more than ten days had elapsed from the service of the last pleading directed to the issues as made by the original complaint and amended answer. For, under that complaint, the plaintiff was not entitled to demand a jury, since the relief he then sought was exclusively "in equity," so that there was then no "issue triable as of right by a jury." *When, by amending his complaint, he abandoned his prayer for such equitable relief, he then, for the first time, was in a position to demand a jury, for only then did there come into being an issue "triable as of right by a jury."* He made this demand well within ten days thereafter.

*Id.* at 500 (emphasis added).

Several commentators have questioned whether these cases are still good law. *See, e.g.,* 9 C. Wright, A. Miller & F. Elliott, Federal Practice & Procedure: Civil § 2320, at 97–100 (1971); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 38.41, at 38–366 n. 7 (2d ed. 1985). When *Bereslavsky* was decided, it was thought that a combined claim for an injunction and damages was a demand wholly in equity; the court's power to assess damages was considered merely incidental

---

trial of the issues raised by the amended complaint.

**2.** If a patentee sought only damages under former 35 U.S.C. § 67 (1940), his claim was considered legal and he was entitled to a jury trial. *Bellavance v. Plastic-Craft Novelty Co.,* 30 F.Supp. 37, 38 (D.Mass.1939). On the other

hand, if a patentee sought an injunction under former 35 U.S.C. § 70 (1940), his claim was considered equitable even if he also sought damages for past infringement; he was not entitled to a jury trial on the issue of damages. *Id.* (quoting *Barton v. Barbour,* 104 U.S. (14 OHO) 126, 133–34, 26 L.Ed. 672 (1881) ).

to the power to issue injunctive relief. Thus, it was not possible at that time to plead both an equitable claim for an injunction and a legal claim for damages. *See supra* note 2. Cases beginning with *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), have thoroughly repudiated this view and it is now clear that a claim for damages or for "profits" is legal even though it is joined with a claim for an injunction. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962). Thus, today, an action of this sort involves issues triable of right to a jury from the beginning and failure to demand a jury trial at the outset constitutes an irrevocable waiver.

Without deciding whether *Bereslavsky* and other early cases like it have *any* continuing validity, I conclude that under the circumstances of this case they are not apposite. Unlike the plaintiffs in these early cases, McNeil could have requested damages as well as injunctive relief on its counterclaims and demanded a jury trial at the outset, but it chose not to do so. In addition, McNeil was on notice from the outset that the Court might award legal relief. Besides requesting declaratory and injunctive relief, McNeil requested "such other and further relief as the Court may deem just and proper," which might have included damages. And, in view of rule 54(c), Fed.R.Civ.P., the Court might have granted damages even if McNeil had not included such a request.

Under these circumstances, I conclude that McNeil waived its right to demand a jury with respect to its counterclaims when it initially chose not to request damages. That right was not revived when some ten months later McNeil altered its counterclaims to add a request for damages. *See* 9 C. Wright, A. Miller & F. Elliott, Federal Practice & Procedure: Civil § 2320, at 100 (1971); *see also* Advisory Committee on Civil Rules, Preliminary Draft of Proposed Amendments 39–40 (1954) (advisory committee note on proposed amendment to rule 38(d), Fed.R.Civ.P.), *quoted in id.* at 99 n. 42.

*AHP's motion to strike or sever McNeil's prayer for damages on the second through eighth counterclaims and to strike or sever the ninth counterclaim.*

■ AHP has also moved to strike McNeil's prayer for damages on the second through eighth counterclaims and to strike McNeil's ninth counterclaim. AHP contends that even though AHP filed an amended complaint with McNeil's consent, McNeil was not entitled as of right to include in its responsive pleading the unrelated ninth counterclaim or a request for damages on its second through eighth existing counterclaims. AHP contends that the ninth counterclaim and the damage demands will inject new and complex issues into the case, will require tremendous additional discovery, and will force an adjournment of the trial.

In view of the scheduled trial date in this matter, I am troubled by McNeil's eleventh-hour additions to its answer. Nonetheless, I conclude that it was entitled to make them. AHP requested and received McNeil's consent to file an amended complaint. When AHP filed its amended complaint, McNeil was entitled as of right to file a responsive pleading. *See* 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil § 1483, at 416 (1971). The parties' stipulation placed no restrictions on the permissible scope of either side's pleading. McNeil therefore did not require the Court's permission to add its ninth counterclaim or to revise its prayer for relief on the second through eighth counterclaims to include damages. McNeil was also entitled to amend its answer to AHP's amended complaint once as of right, *see Deutsch v. Health Ins. Plan of Greater N.Y.,* 573 F.Supp. 1443, 1445 (S.D.N.Y. 1983) (an answer to an amended complaint is not itself an amended pleading), and it did so within the period prescribed by rule 15(a), Fed.R.Civ.P. Therefore, AHP's motion to strike the ninth counterclaim and the prayer for damages on the second through eighth counterclaims must be denied.

■ In the alternative, AHP has moved to sever the trial of the ninth counterclaim and the damages on the second through eighth counterclaims. The parties have done little discovery with respect to these issues and AHP contends that the necessary discovery cannot be completed by the October 6 trial date. In response, McNeil argues that its ninth counterclaim and its damage claims share common issues of fact with AHP's claims. As noted above, McNeil demanded a jury trial of the ninth counterclaim and the damage claims, and McNeil contends that severing its claim and trying AHP's claims first will violate McNeil's seventh amendment right to have its claims tried by a jury.

In light of my earlier conclusion that McNeil waived its right to have its damage claims tried to a jury, the seventh amendment presents no obstacle to the possibility of severing McNeil's damage claims on its second through eighth counterclaims. Moreover, under the circumstances of this case, I find it appropriate to exercise my discretion under rule 42, Fed.R.Civ.P., to order such a severance. The parties are quickly running out of time to prepare for a trial of McNeil's damage claims on October 6. The September 1, 1986 discovery cutoff is only one month away, and the trial date, which has been postponed on at least two occasions, is only two months away. Most of this time pressure is attributable to McNeil. The parties have been engaged in intensive discovery for some ten months, and even though McNeil was involved in extensive discovery concerning AHP's damage claims, McNeil never hinted prior to the recent amendments to its answer that it might seek damages on its counterclaims. Six of those counterclaims were first asserted in August 1985, almost a full year ago, and two more were added in January 1986, almost six months ago. If McNeil had included a prayer for damages at those times, all discovery could have been completed by now. But it did not, and it cannot now complain if the Court orders a severance because time constraints make it impossible to proceed with a unified trial of liability and damages on October 6.

I have also decided to exercise my discretion under rule 42, Fed.R.Civ.P., to sever AHP's damage claims as well. Severing both parties' damage claims and trying the liability issues first may well result in substantial judicial economy, especially in light of the complexity of the damage issues in this case. For example, the Court will have to try only the damage issues on the successful claims, if any. This will also permit the parties adequate time to complete outstanding discovery and to prepare for the October 6 trial date.

■ Severance of McNeil's ninth counterclaim presents more of a problem. McNeil demanded a jury trial of the ninth counterclaim when it filed its answer to AHP's amended complaint. This demand was timely under rule 38, and AHP does not dispute McNeil's right to a jury trial on the ninth counterclaim. To the extent that AHP's claims and McNeil's ninth counterclaim involve common issues of fact, those issues must be resolved by a jury. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 479, 82 S.Ct. 894, 897, 900, 8 L.Ed.2d 44 (1962).

However, I have reviewed the parties' submissions, and I find little or no overlap between the issues raised by AHP's complaint and the ninth counterclaim. In its ninth counterclaim, McNeil alleges that AHP's Anacin packaging conveys the false and misleading impression that Anacin may be used safely by persons under 20 suffering from flu or chickenpox without their being exposed to an increased risk of contracting Reye's syndrome. The overlap between AHP's complaint and this counterclaim would appear to be limited to AHP's damage claims. McNeil apparently will attempt to show that AHP's damages on its claims are not as great as AHP contends because AHP has maintained a greater market share for its Anacin products through its false advertising, and that in a market free from false advertising, Tylenol's market share would have been greater. McNeil also claims that AHP's false advertising is relevant to its equitable de-

fense of "unclean hands." In view of the fact that I have severed both parties' damage claims, I see no obstacle to severing McNeil's ninth counterclaim. The liability and damage issues raised by the ninth counterclaim can be tried to a jury, sometime between the initial bench trial of the other liability issues and the subsequent bench trial of the other damage issues. This should adequately protect McNeil's seventh amendment right to have its ninth counterclaim tried to a jury. In addition, the Court will entertain the possibility, if appropriate, of delaying making any findings of fact with respect to the liability issues tried to the Court until after the jury has resolved the issues raised by the ninth counterclaim. AHP's motion to sever the ninth counterclaim and the damage claims on the second through eighth counterclaims is therefore granted.

In sum, in my discretion under rule 42, Fed.R.Civ.P., I have decided to make the following compromise: On October 6, 1986, the Court will try all of the liability issues raised by AHP's complaint and by McNeil's first through eighth counterclaims. At a later date to be set by the Court, a jury will determine the liability and damage issues raised by McNeil's ninth counterclaim. All other issues (in particular, AHP's damage claims and McNeil's damage claims with respect to its second through eighth counterclaims) will be tried by the Court after the jury trial.

Magistrate Dolinger will continue to oversee discovery in this matter. No further amendments to the pleadings will be permitted without the Court's permission. Discovery relating to all matters to be tried on October 6 shall be completed by the September 1, 1986 discovery cutoff. Remaining discovery shall be completed by a date to be set by Magistrate Dolinger.

*Conclusion*

For the foregoing reasons, AHP's motion to strike McNeil's jury demand with respect to counts one through three of AHP's amended complaint and with respect to McNeil's second through eighth counterclaims is granted. AHP's motion to strike McNeil's ninth counterclaim and the damage demand on McNeil's second through eighth counterclaims is denied. AHP's alternative motion to sever the ninth counterclaim and the damage claims on McNeil's second through eighth counterclaims is granted. In addition, in my discretion under rule 42, Fed.R.Civ.P., I have decided to sever AHP's damage claims. The parties are directed to continue with their trial preparations and to appear for trial on Monday, October 6, 1986, at 10:00 A.M. in Courtroom 618, as previously scheduled.

SO ORDERED.