**McNEILAB, INC., Plaintiff,**

v.

**AMERICAN HOME PRODUCTS CORPORATION, Defendant.**

**No. 87 Civ. 3712 (WCC).**

United States District Court,
S.D. New York.

Oct. 2, 1987.

Patterson, Belknap, Webb & Tyler (David F. Dobbins, Janet Cohn, of counsel), New York City, for McNeilab, Inc.

Arnold & Porter (Stuart J. Land, Steven P. Lockman, of counsel), Washington, D.C., Parker Auspitz Neeseman & Delehanty, P.C. (Jack C. Auspitz, Kim J. Landsman, Charles F. Hagan, William P. Woods, Egon E. Berg, American Home Products Corp., of counsel), New York City, for American Home Products Corp.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

This action under § 43(a) of the Lanham Trade–Mark Act of 1946, 15 U.S.C. § 1125(a) and the New York General Business Law, charging false claims of safety in the advertising of defendant's over-the-counter ("OTC") internal analgesic ADVIL, is before the Court on defendant's motion to strike plaintiff's jury demand and on plaintiff's motion to dismiss its Second Amended Complaint without prejudice in order to file a new complaint on the same claims, with a jury demand. For the reasons stated hereinafter, defendant's motion is granted and plaintiff's motion is denied.

## Factual and Procedural Background

Plaintiff McNeilab, Inc. ("McNeil"), a wholly-owned subsidiary of Johnson & Johnson, manufactures and sells a variety of pharmaceutical and health-care products including an OTC (non-prescription) internal analgesic, TYLENOL, whose principal active ingredient is acetaminophen.

Defendant American Home Products ("AHP") manufactures and sells a line of competing products, including an OTC internal analgesic, ADVIL, whose principal active ingredient is ibuprofen.

Since the commercial introduction of AD-VIL in 1983, the parties have battled fiercely both in the marketplace and in the courts, each flooding the media with advertisements claiming equal or superior efficacy and safety of its product, and the courts with claims of false advertising by its adversary.

When the present action was brought on May 29, 1987, the parties were already before the Court in *American Home Products v. Johnson & Johnson*, 654 F.Supp. 568 (S.D.N.Y.1987), in which each party charged the other with manifold false or misleading claims of efficacy and safety. On February 25, 1987, the Court filed its opinion in that case, finding that certain of the advertising claims of each party were false or misleading. The damage issues still remain to be tried.

In its original complaint in this action, McNeil charged that shortly after the Court's decision in that case, AHP began a nationwide advertising campaign in which a consumer (customarily portrayed by a professional actor or actress) is pictured saying, in *haec verba* or in substance, "Like TYLENOL, ADVIL doesn't upset my stomach."

McNeil charged that such claims are false and/or misleading in that they create the erroneous impression that, insofar as concerns the hazard of all types of adverse gastrointestinal effects, ADVIL is the equal of TYLENOL. McNeil further alleges that in the prior action this Court found that the mechanisms of action of acetaminophen and ibuprofen are entirely different, with the latter posing a substantial

threat of serious, though frequently asymptomatic, gastrointestinal damage, such as ulcers and internal bleeding, in a limited but nonetheless significant number of users who are predisposed thereto.

In its answer, AHP contended that its challenged advertising merely stated what this Court also found in the prior action: that insofar as concerns the likelihood of minor, temporary symptoms of stomach distress (heartburn, queasiness, flatulence and the like) ADVIL and TYLENOL, in recommended OTC dosages, are substantially equivalent.

On July 2, 1987, McNeil filed a First Amended Complaint adding similar charges with respect to a new advertisement in AHP's campaign.

In both its original and amended complaints, McNeil sought a preliminary injunction to prevent repetition of the advertisements in question. The Court conducted an evidentiary hearing on such a motion on July 28 and 29, 1987. On the first day of the hearing, McNeil introduced evidence of a survey designed to determine whether a substantial number of consumers understand the expression "stomach upset," as used in AHP's advertisements, to refer to all adverse effects on the stomach, including serious, objective, possibly asymptomatic effects, and not merely to minor, temporary subjective symptoms.

At the beginning of the second day of the hearing, AHP's counsel, acting in response to a suggestion made by the Court at the end of the preceding day, filed with the Court a written undertaking to discontinue all advertising in which ADVIL is claimed to be the equivalent of TYLENOL in the respect of freedom from "stomach upset," without modifying that term by such adjectives as "minor," "temporary," "occasional," "simple" or "mild." Based upon that undertaking, the Court denied the motion for preliminary injunction, finding that there was no evidence before the Court on which it could make the findings necessary to support such an injunction: likelihood of success on the merits or a balance of hardships tipping decidedly in favor of the party seeking such relief.

It is important to note that the Court was speaking with reference to the *modified* form of advertising claim which AHP had undertaken to use. All of the survey evidence which McNeil had introduced at the hearing, of course, involved the advertising claims which were being discontinued. The Court specifically emphasized that this was not a decision on the merits of the case, but merely a decision that, *on the evidence then before the Court,* it could not conclude that there was a likelihood that McNeil would succeed in establishing that AHP's *modified* claims were false or misleading.

On July 31, 1987, the Court granted McNeil leave to file a Second Amended Complaint to cover AHP's modified advertising claims, when they appeared. AHP furnished McNeil advance copies of the modified advertisements and on August 14, 1987, McNeil filed its Second Amended Complaint, charging that both the original and modified advertising claims were false and/or misleading. Like the two complaints which preceded it, McNeil's Second Amended Complaint contained no jury demand. However, one day after AHP filed its answer to the Second Amended Complaint, McNeil on September 8, 1987 filed a demand for jury trial.

At a conference with the Court the following day, AHP urged that McNeil's jury demand should be stricken because the issues raised by the Second Amended Complaint were similar to those raised in the earlier complaints, as to which a jury trial had been waived, relying upon this Court's ruling in similar circumstances in the earlier case, *American Home Products Corp. v. Johnson & Johnson,* 111 F.R.D. 448 (S.D.N.Y.1986). The Court then raised the question whether McNeil might escape the effect of its waiver by dismissing the Second Amended Complaint without prejudice and filing a new action on the same claims, making therein a timely jury demand. AHP argued that the Court of Appeals for the Second Circuit had ruled that a waiver of jury trial could not be nullified in that way. The Court thereupon granted AHP leave to move to strike McNeil's jury de-

mand and to oppose any attempt by McNeil to dismiss the action without prejudice in order to file a new action containing the same claims.

*Discussion*

As McNeil frankly admits, it now seeks a jury trial because it interprets the Court's denial of its motion for preliminary injunction, and the reasons stated therefor, as an indication that the Court has adversely "prejudged" the merits of its claims in the Second Amended Complaint. It seeks to accomplish this result either (1) by effectuation of its jury demand filed September 8, 1987 in the present action or (2) by voluntarily dismissing this action without prejudice under Rule 41(a)(2), F.R.Civ.P. and filing a new action on the same claims, in which it would make a timely jury demand.

Neither course of action can be permitted.

*McNeil's Jury Demand in this Action*

█ McNeil argues that its Second Amended Complaint raises claims which are sufficiently different from those asserted in the prior complaints that its previous deliberate waiver of a jury trial is inapplicable to the new claims. The Court cannot agree.

In its Second Amended Complaint McNeil has not dropped its charge that AHP's prior advertising claims (that ADVIL "like TYLENOL" does not cause "stomach upset") were false and/or misleading. Instead, after describing the prior advertising claims and recounting the circumstances of AHP's undertaking to discontinue these claims except with the addition of such qualifying adjectives as "minor" or "occasional," McNeil alleges:

AHP's new ads are *even more misleading* than its old stomach parity claims ... (emphasis added).

And, in its prayer for relief, AHP asks for an injunction against any "stomach upset" comparison to TYLENOL, with or without qualifying adjectives:

B. For an injunction preliminarily and permanently restraining defendant ... in any ADVIL advertisement making a "stomach upset" comparison to TYLE-

NOL even though it contained a qualifying adjective such as "minor," "occasional," "temporary" or other qualifying words of equivalent meaning.

The present situation is thus indistinguishable from that in the prior case. There, AHP filed an amended complaint charging that another McNeil advertisement, which had first appeared after the original complaint was filed, like the earlier advertisements conveyed a false and/or misleading message that ADVIL was inferior to TYLENOL, and similar to aspirin, in the respect of producing adverse side effects. McNeil, having waived a jury trial on the original claims, demanded a jury trial on the new claims. The Court struck the jury demand, pointing out that the original complaint had sought an injunction not only against the specific McNeil advertisements identified therein, but also "similar advertisements," and concluding that

the fact that AHP amended its complaint to refer specifically to another of the advertisements originally subsumed by the words "and similar advertisements" does not raise any new issues.

111 F.R.D. at 450.

This is in accord with the rule in this Circuit and elsewhere. As the Court of Appeals stated in *Rosen v. Dick*, 639 F.2d 82, 96 (2d Cir.1980):

[W]hen the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised. Usually the initial jury demand (or waiver) will put the other parties on notice that a jury (or the court) will be trying all issues relating to [the] general area of dispute.

Nor does the fact that the Court has denied McNeil's motion for preliminary injunction dictate a different result. Another case in this Court involving a situation closely similar to that presented here is *Clorox Company v. Stanson Detergents*, 84 Civ. 1236 (JFK), slip op. Aug. 12, 1985 [available on WESTLAW, 1985 WL 2309]. In that case, after Judge Keenan issued a preliminary injunction enjoining the defendant from using a certain trade dress which he found to be confusingly similar to that

of the plaintiff, the defendant adopted a modified package. The plaintiff moved for an order adjudging defendant in contempt for violating the injunction with its new package, which Judge Keenan denied. The plaintiff thereupon submitted a proposed amended complaint charging infringement by defendant's new package and making a demand for jury trial. Judge Keenan struck the jury demand, stating:

> Clorox's amended complaint alleges no new issues sufficient to reactivate Clorox's demand for jury trial.
>
> Public policy, as well, militates against allowing Clorox to add a jury demand at this late date. Clorox's March 1984 application was granted by the Court. Apparently thinking it had a sympathetic trier of fact, Clorox at that time made no jury demand. When Clorox's motion for a contempt order was denied in April 1985, however, Clorox no longer considered the Court such a sympathetic audience. Thus, it made a belated jury demand in its amended complaint. To allow such a jury demand would, in a sense, encourage parties to go shopping for sympathetic triers of fact.

Those words are equally applicable here. McNeil was perfectly satisfied to have the issues tried by the Court until the Court denied McNeil's motion for preliminary injunction. But McNeil has apparently not heeded the Court's statement of its reasons for that ruling. The Court has decided *nothing* other than what it expressly stated at the time: that the evidence then before the Court, which concerned AHP's *previous* advertising claims, did not satisfy the established requirements for a preliminary injunction preventing the publication of AHP's proposed *modified* advertisements. The Court did not express any view as to whether the modified claims are likely to deceive or mislead a substantial portion of the audience and, in fact, the Court has formed no clear impressions on that issue, much less reached even a tentative conclusion.

Moreover, even if the Court *had* formed definite impressions or even reached tentative conclusions on the basis of evidence presented at the hearing on a motion for preliminary injunction, that would be no proper ground for disqualification, because the Court's impressions would result from a preview of the evidence in the case and not from any pre-existing bias.

If the law were otherwise, a party who had waived a jury trial could test the attitude of the court by making a motion for preliminary injunction and, if it deemed the judge unsympathetic to its position, file an amended or supplemental complaint asserting additional claims and make a jury demand or, even without filing a new complaint, move to recuse the judge. That localized version of "forum shopping" obviously cannot be tolerated.

For the same reason, the Court cannot grant McNeil's request that the Court exercise the discretion accorded it under Rule 39(b), F.R.Civ.P. and order a jury trial on its own motion. The decision of the Court of Appeals for the Second Circuit in *Chanofsky v. Chase Manhattan Corp.*, 530 F.2d 470 (2d Cir.1976), on which McNeil relies, is not apposite here. In that case, at an oral argument on a motion for summary judgment, the plaintiff's attorney agreed to waive a jury trial and the ensuing discussion led the district judge to believe that the parties were consenting to submit the case to him for final adjudication on the basis of the affidavits previously submitted. The Court of Appeals reversed the district court's judgment, concluding that plaintiff's counsel had not intended that the court should decide the merits without a jury. The Court of Appeals further concluded that even if the district court's decision be treated as the granting of the motion for summary judgment, it could not stand because there were material fact issues requiring trial.

McNeil places much emphasis upon the fact that in remanding the case to the district court, Judge Van Graafeiland stated:

> Inasmuch as Judge Duffy has already indicated his views on the factual questions to be tried, we think that withdrawal of plaintiff's waiver should be permit-

ted regardless of the technical merit of his Rule 39 argument.

That advice, however sound, is not applicable here where, as previously stated, the Court has not expressed, nor even formed, any definite views on the merits.

*McNeil's Proposed Dismissal and Refiling*

 Rule 41(a)(2), F.R.Civ.P., provides in pertinent part:

> Except as provided in paragraph (1) of this subdivision of this rule [permitting voluntary dismissal by notice before service of the answer and dismissal by stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such conditions as the court deems proper.

In *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir.1967), the Court of Appeals reversed the district court's order under Rule 41(a)(2) permitting the voluntary dismissal of a complaint for the purpose of overcoming an inadvertent failure to make a timely jury demand. After stating that this was not the type of ruling as to which the district court's discretion must be left undisturbed unless the appellate court has "a definite and firm conviction that the court below committed a clear error of judgment," and after citing a number of decisions of this Court denying leave to dismiss in similar circumstances, Judge Friendly concluded:

> [W]e think the decisions denying leave to discontinue without prejudice for the sole purpose of overcoming inadvertent failure to make a timely jury demand accord better with the policies of Rule 38(a) insisting on promptness and of Rule 41(a) limiting the former freedom of dismissal of plaintiffs in actions at law. Moreover, to allow leave to discontinue without prejudice solely for this purpose would work a discrimination, for which we see no sufficient justification, in favor of plaintiffs whose attorneys had been guilty of inadvertent neglect in demanding a jury trial as against defendants similarly situated.

The Court of Appeals for the Fourth Circuit followed this ruling in *Paturzo v. Home Life Insurance Co.,* 503 F.2d 333, 336 (4th Cir.1974). This Court will do so as well as, indeed, it must.

*Conclusion*

For the reasons stated above, AHP's motion to strike McNeil's demand for jury trial is granted and McNeil's request for leave to dismiss its complaint without prejudice for the purpose of filing a new action in the same claims is denied.

SO ORDERED.