# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2019

No. 19-60108
Summary Calendar

Lyle W. Cayce
Clerk

PETER BERNEGGER,

Plaintiff - Appellant

v.

DEPARTMENT OF REVENUE STATE OF MISSISSIPPI; CARA
THOMPSON; DARLA GRIFFIN; DOES 1 THROUGH 2,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-993

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Peter Bernegger challenges the dismissal of his claims against two Mississippi Department of Revenue employees in their individual capacities. Because Bernegger's claims are barred by the statute of limitations, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60108

**I.**

This case arises from a 2006 audit of Citrus Products International, LLC ("CPI"). The Mississippi Department of Revenue determined that CPI owed use taxes for a period spanning from the beginning of 2004 through the first quarter of 2007. Pro se plaintiff Peter Bernegger was CPI's managing member and owned 29% of the company. Because of Bernegger's role in CPI's management, the Mississippi Department of Revenue attempted to collect the amount due directly from Bernegger.

In short, Bernegger alleges that the audit was a sham. Specifically, he alleges that Department of Revenue employee Cara Thompson and her supervisor Darla Griffin filed fraudulent reports and tax assessments against CPI in 2006, 2007, 2008, and 2009. Bernegger alleges that these assessments were plainly fraudulent because CPI was not a use taxpayer.

Bernegger further alleges that in 2006 or 2007, Thompson told Bernegger that she "guessed at the numbers" when determining the amount of CPI's tax liability. As a result of these fraudulent assessments, the Department of Revenue placed a tax lien against CPI, which later transferred to Bernegger on September 17, 2008. Bernegger contends that the Department of Revenue reenrolled the tax lien against Bernegger on January 1, 2015, and continued its attempts to collect the tax as recently as November 2017.

Bernegger sued the Mississippi Department of Revenue, Thompson, Griffin, and "Does 1-2," alleging violations of 42 U.S.C. §§ 1983 and 1986, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state-law claims for fraud and negligence. Bernegger asserted claims against Thompson and Griffin in their official and individual capacities. Defendants moved to dismiss the complaint, arguing that the Eleventh Amendment barred Bernegger's suit against the Department of Revenue and Thompson and Griffin in their official capacities, and that his claims against Thompson and

No. 19-60108

Griffin in their individual capacities were barred by the statute of limitations. Bernegger then moved for leave to amend and for "the Court to deny three of the Defendants [sic] Motion to Dismiss."

The district court granted defendants' motion to dismiss, dismissing Bernegger's claims against the Department of Revenue and Thompson and Griffin in their official capacities without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), and dismissing his claims against Thompson and Griffin in their individual capacities with prejudice pursuant to Rule 12(b)(6). The district court also denied Bernegger's motion for leave to amend and his motion to deny the defendants' motion to dismiss.

On appeal, Bernegger only challenges the district court's dismissal of his claims against Thompson and Griffin in their individual capacities.[1]

## II.

We review de novo a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019). We "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 732-33 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Bernegger also mentions, in passing, that the district court should have allowed him to amend his complaint to allege that CPI had been issued a use-tax exemption certificate. Bernegger does not cite any authority to support his argument. Therefore, this argument is abandoned. *See United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) (finding party who offered "only a bare listing of alleged [errors], without citing supporting authorities or references to the record" abandons those claims on appeal); *see also* Fed. R. App. P. 28(a)(8)(A). Even if we were to consider the denial of Bernegger's motion for leave to amend, amendment of his complaint would be futile. As discussed below, Bernegger's claims against Thompson and Griffin are barred by the statute of limitations. Because his amended complaint is based on the same events as his initial complaint, his amended claims are still barred by the statute of limitations. *See Rogers v. Boatright*, 709 F.3d 403, 411 (5th Cir. 2013).

No. 19-60108

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

It is evident from Bernegger's complaint that his claims are barred by the applicable statutes of limitations. Therefore, the district court properly dismissed his claims. Bernegger's RICO claim has the longest statute of limitations at four years.[2] *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 152 (1987) (applying Clayton Act's four-year statute of limitations to civil RICO claims). He alleges that Thompson and Griffin continued to file false reports against him through 2009, at which point CPI was dissolved. Bernegger did not file his complaint until December 11, 2017— eight years after the alleged conduct. Thus, the statute of limitations has expired.

Bernegger argues that the defendants' actions continue to harm him, and Griffin and Thompson are participating in the conspiracy to this day by continuing to lie. Although we have, in certain circumstances, recognized that "where the last act alleged is part of an ongoing pattern . . . and occurs within the filing period, allegations concerning earlier acts are not time-barred," *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 866 (5th Cir. 1993)

---

[2] Bernegger's § 1983 claim is subject to a three-year statute of limitations. *James ex rel. James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) ("[I]n states with more than one statute of limitation for personal injury actions, § 1983 actions should be governed by the residual or general personal injury limitations period."); *see also* Miss. Code Ann. § 15-1-49(1) (prescribing three-year statute of limitations to "[a]ll actions for which no other period of limitation is prescribed"). His fraud claim is also subject to a three-year statute of limitations. Miss. Code Ann. § 15-1-49(1); *Sanderson Farms Inc. v. Ballard*, 917 So. 2d 783, 789 (Miss. 2005). His § 1986 claim is subject to a one-year statute of limitations, 42 U.S.C. § 1986, as is his state-law claim for negligent misrepresentation, Miss. Code Ann. § 11-46-11(3)(a).

No. 19-60108

(quoting *Curry v. USPS*, 683 F. Supp. 334, 342 (S.D. Ohio 1984)), Bernegger has not alleged that Griffin or Thompson have performed any unlawful acts within the limitations period. Although he points out that Griffin was a supervisor at the Department of Revenue in 2015, when the tax lien was reenrolled against him, the allegation does not tie Griffin or Thompson to any continued unlawful behavior.

Bernegger also argues that the district court should have tolled the statute of limitations in exchange for the "lifetime" of harm that Thompson and Griffin have caused him. To the extent Bernegger argues that the defendants' fraudulent concealment tolled the statute of limitations, he admits in his complaint that he was aware of their fraudulent behavior as early as 2006. Thus, he cannot argue that defendants' actions prevented his discovery of their conduct. *See Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1528 (5th Cir. 1988) (explaining that to demonstrate fraudulent concealment, plaintiff must show that he "failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim" (quoting *In re Beef Indus. Antitr. Litig.*, 600 F.2d 1148, 1169 (5th Cir. 1979))). As for Bernegger's argument that the district court should have equitably tolled the statute of limitations, we have declined to apply equitable tolling when the plaintiff has not "exercised due diligence in pursuing [his] rights." *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 713 (5th Cir. 2011). Here, Bernegger was aware of the defendants' fraudulent behavior as early as 2006. He does not explain why he delayed bringing suit for over a decade. Thus, having weighed the equities at play, we decline to equitably toll the statute of limitations.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.

5